447 So.2d 974 (1984)
William Roscoe BALLANCE, Appellant,
v.
STATE of Florida, Appellee.
No. AU-278.
District Court of Appeal of Florida, First District.
March 16, 1984.
Marlin M. Feagle, Lake City, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Ballance appeals from an order of the trial court which: (1) determined that Occidental Chemical Company is an "aggrieved party" for purposes of restitution as a condition of probation under Section 948.03(1)(g), Florida Statutes (1981), and established a total amount of loss sustained by Occidental; (2) delegated to the appellant's probation officer the responsibility of determining, from time to time, appellant's ability to pay all or a part of the total amount of restitution set by the court and the responsibility of establishing a periodic payment schedule; and (3) required appellant to comply with such payment schedule. We affirm the order except insofar as it requires the appellant to comply with a payment schedule to be formulated by the probation officer based upon the latter's future determination of the appellant's ability to pay all or a part of the restitution amount set by the court.
Pursuant to his plea of nolo contendere, the defendant was placed on probation for *975 a period of 15 years on a charge of "extortion by threat" under Section 836.05, Florida Statutes (1981). He was required to serve a one year term of incarceration as a condition of probation. The gist of the offense was that the defendant had maliciously threatened to injure J.P. MacArthur, vice-president and general manager of Occidental, unless MacArthur transferred a certain Occidental employee. Further details of the offense have not been furnished us on appeal.
At the time the defendant was placed on probation, the trial court provided that an evidentiary hearing would be held by the court to determine the requirements of restitution. At the hearing, the court received evidence of expenditures incurred by Occidental for special guard and security services, including off-duty deputy sheriffs, which Occidental arranged for in order to protect MacArthur from bodily harm threatened by the defendant. The special protection was furnished during a three-month period beginning in February, 1982, and was supplemental to the protection routinely provided by the Columbia County Sheriff's Office.
Appellant does not contest the amount of restitution ordered by the trial court nor does he urge that the security services were not reasonably necessary to afford MacArthur adequate protection from the danger of the defendant's carrying out his threats. Appellant, however, argues that Occidental is not named in the information as a victim, that MacArthur is the only victim in the case, and that MacArthur has not reimbursed, nor is he obligated to reimburse, Occidental for the security costs incurred by Occidental.
Section 948.03(1)(g), Florida Statutes (1981), provides:
(1) The court shall determine the terms and conditions of probation and may include among them the following, that the probationer shall:
* * * * * *
(g) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court.
Similarly, Section 775.089(1), Florida Statutes (1981), provides:
(1) In addition to any punishment, the court may order the defendant to make restitution to the aggrieved party for damage or loss caused by the defendant's offense, if the defendant is able or will be able to make such restitution. Restitution may be monetary or nonmonetary restitution. The court may make the payment of restitution a condition to probation in accordance with s. 948.03.
Appellant urges too narrow a construction of the above statutory provisions. Limitation of the statutory meaning of "aggrieved party" to the victim named in the charging document would be a windfall for many defendants whose crimes unquestionably cause damage or loss to persons who, although not regarded as "victims" in the traditional sense, have a substantial nexus with the offense. MacArthur's employment status with the putative aggrieved party was not merely an incidental aspect of this case. Indeed, if the threats made to MacArthur had not been related to his employment, we may very well not be persuaded to accord aggrieved party status to the victim's benevolent employer who volunteers to provide private security protection for its employee.
Although we have not found a case directly on point, we have found Cuba v. State, 362 So.2d 29 (Fla. 3rd DCA 1978), instructive. There, the defendants in a lottery conspiracy case were ordered, as a condition of probation, to pay restitution in the amount of $14,000 toward the cost of investigation. On appeal, the appellants contended that the trial court's order was not authorized by Section 948.03 because such could not properly be regarded as "restitution to an aggrieved party." The Third District rejected that contention and accepted the state's assertion that "the public, upon which the expense of the investigation ultimately is imposed, is the aggrieved party in this circumstance." Compare Brenner v. State, 337 So.2d 1007 *976 (Fla. 3rd DCA 1976), cert. den. 348 So.2d 944 (condition of probation requiring payment of police investigative costs sustained where defendants had agreed to such condition). If the public can be regarded as an aggrieved party for purposes of requiring payment of investigative costs as a probation condition under Section 948.03, we perceive no valid reason why we should not construe that section to accord aggrieved party status to a private entity such as Occidental under the circumstances of this case. Compare Purvis v. State, 442 So.2d 1085 (Fla. 2nd DCA 1983).
We must however, reverse that portion of the trial court's order requiring the defendant to comply with a payment schedule to be formulated by the probation officer based upon the latter's future determination of the defendant's ability to pay all or a part of the restitution amount set by the court. At the restitution hearing, the court determined that the defendant did not have the present ability to pay any of the restitution amount ordered. There was nothing wrong with the court's keeping the defendant "on the hook," so to speak, for payment of the restitution at some appropriate period during the term of his probation depending upon his ability to pay. Compare Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978). However, just as the determination of the amount of restitution is a non-delegable judicial responsibility, see Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981), so also is the determination of the defendant's ability to pay. Fletcher v. State, 405 So.2d 748 (Fla. 2nd DCA 1981); Reeves v. State, 372 So.2d 1016 (Fla. 2nd DCA 1979); cf. Haynes v. State, 440 So.2d 661 (Fla. 1st DCA 1983).
The state contends that the defendant's complaints regarding this aspect of the restitution order are premature and that this court should not consider the questions raised by the defendant until after a ruling adverse to the defendant on a violation of probation proceeding after the appellant has been charged with a failure to comply with the probation officer's payment schedule. We disagree that the defendant must wait until that time to raise such objections to the court's restitution order. Cf. Reeves v. State, supra; Section 775.089(1), Florida Statutes (1981).
We do not mean to suggest that there is anything wrong with the trial court's requiring the probation officer to: (1) monitor the defendant's economic circumstances during the probationary period; (2) notify the court at such time as the defendant appears to have the ability to commence restitution payments; and (3) furnish the court with a recommended payment schedule. However, before any such payment schedule is adopted by the court, the defendant must be afforded the opportunity to be heard on his ability to comply therewith.
Affirmed in part and Reversed in part and Remanded for amendment of the subject order consistent with this opinion.
ERVIN, C.J., and SMITH, J., concur.