ZEHMER, Judge.
Appellant received split sentences of 30 months imprisonment followed by five years probation to be served concurrently on each of five felony counts. The sentence on count one for the second degree felony of selling cocaine is within the 15 year maximum penalty for that offense, so its validity is not challenged by appellant. The sentences on counts two through five for possession of cocaine and sale of a substance in lieu of cocaine, all being third degree felonies, exceed the statutory maximum of five years imprisonment and are, therefore, invalid.[1] State v. Holmes, 360 So.2d 380 (Fla.1978); Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987); Howland v. State, 420 So.2d 918 (Fla. 1st DCA 1982); Coleman v. State, 495 So.2d 920 (Fla.2d DCA 1986). The supreme court in Holmes stated that the “combined periods [of incarceration and probation] at the time of the original sentence cannot exceed the maximum period of incarceration provided for the offense charged.” [Emphasis added.] 360 So.2d at 383. We take this to mean that each sentence for a separate offense must be individually considered and fall within the statutory maximum if it is to be upheld. We decline the state’s invitation to treat this sentencing error as harmless on the authority of McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986), approved in part, quashed in part, 509 So.2d 927 (Fla. 1987).
Appellant’s sentences for these four counts are VACATED and this cause is REMANDED for resentencing.
SHIVERS and THOMPSON, JJ., concur.

. The Committee Note to Fla.R.Crim.P. 3.701(d)(12) states in part:
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.