556 So.2d 799 (1990)
Landa WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2987.
District Court of Appeal of Florida, Fourth District.
February 14, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions on all counts. However, we find error in the sentencing phase at the trial court level. In Count VI of the information, defendant was charged with making a lewd and lascivious assault upon the child-victim. He was convicted of an attempted lewd act and sentenced to the maximum five year prison term permitted under section 775.082(3)(d), Florida Statutes (1987). However, the trial court also imposed a five year probation period on Count VI to run concurrent with the ten year probationary period imposed on Count V. Appellee argues that since this term of probation runs concurrent with the ten year probationary term in Count V, the five year probation period in no way affects the five year prison term and should, therefore, be affirmed.
Although a trial judge is authorized to sentence a defendant to a period of incarceration followed by a period of probation, section 948.01(8), Florida Statutes (1987), the combined periods of incarceration and probation at the time of the original sentence cannot exceed the maximum period of incarceration provided by statute for the offense charged. State v. Holmes, 360 So.2d 380 (Fla. 1978). Furthermore, in Littles v. State, 515 So.2d 401 (Fla. 1st DCA 1987), the court held that Holmes' holding that "the combined periods [of incarceration and probation] at the time of the original sentence cannot exceed the maximum period of incarceration provided for the offense charged," [emphasis added] *800 meant that each sentence for a separate offense must be individually considered and fall within the statutory maximum if it is to be upheld. Littles, 515 So.2d at 402. Littles also declined to treat the sentencing error, which had no real effect on defendant's time imprisoned or on probation, as harmless error. Id.
For this reason we vacate the sentence on Count VI and remand for resentencing.
Appellant contends and the state concedes that condition 13 of the probation order must be stricken, and we so conclude. That provision requires appellant to make restitution "according to a plan and schedule as directed by your Probation Officer." This is clearly wrong. See Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986).
Therefore, we affirm the judgment except that we vacate the sentence on Count VI, strike condition 13 of the probation order (which may be revised by the trial court to avoid the error noted) and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
HERSEY, C.J., and LETTS and WARNER, JJ., concur.