PER CURIAM.
The final order of restitution under review is affirmed upon a holding that the trial court had the authority under Section 775.089(l)(a), Florida Statutes (1989), to order the defendant Daniel Christenson to *104 pay the hospital and doctor bills incurred by the deceased as a result of a physical assault committed by the defendant against the deceased that led to the deceased's death and for which the defendant was criminally convicted.
The trial court properly required the defendant to pay the deceased’s hospital and doctor bills directly to the creditor hospital and doctor involved herein. It was not necessary, as urged, that the formality of a probate estate of the deceased be set up prior to ordering the above restitution, as the subject bills were incurred by the deceased as a result of the subject criminal assault, and, accordingly, the deceased’s estate, when set up, is indisputably liable therefor. See Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984).
Moreover, the fact that the deceased delayed needed surgery for the physical injuries which he sustained, as a result of the defendant’s physical beating, which delay may have led to additional medical complications and expenses does not, as urged, absolve the defendant from the subject increased expenses. This is so because all of the aforesaid medical expenses incurred were caused either “directly or indirectly by the defendant’s offense,” § 775.089(l)(a), Fla.Stat. (1989), and would never have been incurred but for the defendant’s criminal conduct. See State v. Williams, 520 So.2d 276 (Fla.1988).
Affirmed.