589 So.2d 387 (1991)
Marvin Ollie SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3126.
District Court of Appeal of Florida, First District.
November 13, 1991.
*388 Nancy A. Daniels, Public Defender, Chrysa M. Iler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
Marvin Smith appeals three restitution orders entered against him by the trial court pursuant to section 775.089, Florida Statutes (1987).[1] Appellant argues that the trial court was not authorized to order restitution at the initial sentencing which took place on June 13, 1988, and then determine the actual amount of restitution at a hearing held on October 3, 1990. We disagree. A trial court may properly determine the amount of restitution at a hearing subsequent to the sentencing date. Villarreal v. State, 516 So.2d 63 (Fla. 2d DCA 1987). The 60-day limitation provided by Rule 3.800(b), Florida Rules of Criminal Procedure, for modifying a sentence, does not apply in this case since (1) the court did in fact order restitution at the time of Smith's sentencing; and (2) Smith never objected to the trial court's determination of an amount of restitution at the October 1990 hearing.
Although the trial court properly imposed a specified amount of restitution at the subsequent hearing, the court's attempt to delegate to the Department of Corrections the responsibility to determine an amount for regular payments to the aggrieved party is ineffectual and must be stricken. Williams v. State, 556 So.2d 799 (Fla. 4th DCA 1990). On remand the trial court may adopt a payment schedule pursuant to section 775.089(3), Florida Statutes (1987), and if it chooses to do so, may solicit and obtain recommendations from Smith's probation officer.[2]Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984).
The restitution orders under appeal are remanded to the trial court for further proceedings consistent with this opinion.
BOOTH, WOLF and KAHN, JJ., concur.
NOTES
[1] The statute provides in pertinent part:

(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
.....
(3)(a) The court may require that the defendant make restitution under this section within a specified period or in specified installments.
[2] The trial court is not required to establish a payment schedule, and should no schedule be established, "restitution must be made immediately." Section 775.089(3)(c), Fla. Stat. (1987).