596 So.2d 480 (1992)
Corey BOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1385.
District Court of Appeal of Florida, First District.
March 24, 1992.
Nancy Daniels, Public Defender, and Nancy L. Showalter, Asst. Public Defender, for appellant.
*481 Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., and Wendy S. Morris, Certified Legal Intern, for appellee.
ERVIN, Judge.
The amount of restitution imposed upon appellant as a condition of his probation is affirmed as a proper exercise of discretion. Spivey v. State, 531 So.2d 965 (Fla. 1988); Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991); Nordgren v. State, 538 So.2d 552 (Fla. 4th DCA 1989).
The trial court incorrectly attempted, however, to delegate to appellant's probation officer the responsibility of directing the payment of restitution. Such direction is ineffectual and must be struck. Smith v. State, 589 So.2d 387, 388 (Fla. 1st DCA 1991). The sentence must therefore be remanded to allow the trial court to adopt a payment schedule pursuant to Section 775.089(3), Florida Statutes (1989),[1] and in doing so, it may solicit recommendations from appellant's probation officer. Smith.
AFFIRMED in part and REMANDED in part for further proceedings.
SMITH and ALLEN, JJ., concur.
NOTES
[1] The trial court is not required to establish a payment schedule, and if no schedule is established, "restitution must be made immediately." Section 775.089(3)(c), Fla. Stat. (1989).