605 So.2d 500 (1992)
Lawrence ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1898.
District Court of Appeal of Florida, First District.
September 2, 1992.
Rehearing Denied October 5, 1992.
*501 Nancy Daniels, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Lawrence Robinson, appeals his sentence as a habitual felony offender and the order placing him on probation upon completion of that sentence. Robinson contends the trial court erred in imposing upon him a habitual offender sentence, based upon its belief that the appellant testified falsely at trial; in sentencing him as a habitual offender without making the statutory findings required by Section 775.084(1)(a), Florida Statutes (1989); and in delegating to a probation officer the authority to set both the amount of restitution and the manner of payment, after ordering at sentencing that no restitution be paid. We affirm issues I and II, reverse issue III, and remand.
Robinson was charged with possession of cocaine and possession of drug paraphernalia. At trial, three sheriff's deputies testified that when Robinson was stopped as part of a drug surveillance operation, he held a rock of crack cocaine inside a five-dollar bill and threw down a pipe containing cocaine residue. Robinson testified that he never possessed either the pipe or the bill, but that two of the officers on the scene picked the items up from the ground and asserted that Robinson had been carrying them.
At the sentencing proceeding, the prosecutor argued that Robinson qualified as a career criminal and asked the court to sentence him to between five and seven years in prison, stating that he was "especially offended by the defendant's testimony at trial, which as I argued to the jury ... he was calling the police officers liars. Now he never actually stated that, but if *502 his defense was correct, then the cops were not telling the truth." The court subsequently stated, "I do think though that the court under U.S. v. Grayson[, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978),] is entitled to take into account and weigh the defendant's credibility and testimony while testifying in fashioning a sentence, and I elect to do so in this case." The court then found that Robinson met the criteria of a habitual felony offender and sentenced him to six and one-half years in prison.
In Grayson, the Court held that it is proper for a federal judge to consider a defendant's false testimony during trial when determining a sentence. Florida courts, however, have ruled that a defendant's apparent fabrication of testimony may not be used to enhance a sentence. City of Daytona Beach v. Del Percio, 476 So.2d 197, 205-06 (Fla. 1985); Hubler v. State, 458 So.2d 350, 353-54 (Fla. 1st DCA 1984). The court's gratuitous statement gives the appearance that Robinson was sentenced as a habitual offender as a means of punishing him for taking the stand and presenting his version of the events in question. Beauvais v. State, 475 So.2d 1342, 1344 (Fla. 3d DCA 1985). We emphasize that a judge's opinion as to whether a defendant testified falsely should not enter into the sentencing decision, unless, obviously, the court is determining a sentence after a separate perjury conviction. Nevertheless, because Robinson qualified as a habitual felony offender, which does not require reasons in addition to the enumerated statutory criteria, we consider this to have been harmless error.
As to appellant's second issue, we conclude that appellant waived his right to challenge the court's failure to make the requisite findings under section 775.084. Trial counsel for the defendant stated, in regard to the state's notice of intent to seek habitual offender sentencing, "We're not quarreling with that qualification," but instead requested the court to give him a guideline sentence or to sentence him as a habitual offender within the guideline range. See, e.g., Likely v. State, 583 So.2d 414 (Fla. 1st DCA 1991); Jefferson v. State, 571 So.2d 70 (Fla. 1st DCA 1990); Baxter v. State, 599 So.2d 721 (Fla. 2d DCA 1992).
Turning now to appellant's third issue, the court orally directed appellant to pay costs and fines of $225, add-on costs of $200, and investigatory costs of $140 to the sheriff's department. The written probation order, however, directs appellant to pay $425 in costs and "restitution to the Escambia County Sheriff's Department in the amount As Determined by Probation and Parole at the rate of at least As Directed by Probation and Parole." It is well established that the oral sentence controls over the written sentence when the two conflict. Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984). Therefore, we direct the court on remand to correct the written probation order to reflect that appellant is required to pay $140 as costs incurred by the sheriff's department for the investigation, pursuant to Section 939.01, Florida Statutes (1989), rather than as restitution. See Brown v. State, 591 So.2d 1069 (Fla. 4th DCA 1991) (characterization of investigative costs as "restitution" on sentencing form was scrivener's error).
Moreover, contrary to the state's contention that directing the probation officer to supervise payment of the costs is a reasonable delegation of discretion, this court has held in an analogous context that a trial court may not delegate the responsibility of directing the payment of restitution to the probation officer. Bowers v. State, 596 So.2d 480 (Fla. 1st DCA 1992). Instead, the court must either adopt a payment schedule pursuant to the restitution provision, Section 775.089(3), Florida Statutes (1989), or order the defendant to pay restitution immediately. Id. at 481. The provision in section 939.01(3)(a) regarding payment of costs[1] is virtually identical to the restitution[2] provision. Accordingly, *503 the trial court on remand must either establish a schedule of payment of costs, or direct the defendant to pay the costs immediately.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
MINER and WEBSTER, JJ., concur.
NOTES
[1] Section 939.01(3)(a), Florida Statutes (1989), provides: "The court may require that the defendant pay the costs within a specified period or in specified installments."
[2] Section 775.089(3)(a), Florida Statutes (1989), provides: "The court may require that the defendant make restitution under this section within a specified period or in specified installments."