604 So.2d 920 (1992)
Quinton NIX, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1745.
District Court of Appeal of Florida, First District.
September 8, 1992.
*921 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, and John Dixon, Certified Legal Intern, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., and Andrea England, Legal Intern, for appellee.
ERVIN, Judge.
Appellant, Quinton Nix, contends that the trial court erred in ordering restitution after determining (1) that appellant lacked the present ability to pay, and (2) that appellant pay the retail rather than the wholesale value of the gasoline he had stolen. We affirm the first issue, but reverse and remand as to the second.
After entering a plea of nolo contendere, Nix was adjudicated guilty and sentenced to two years' probation for stealing diesel fuel from his employer, Robinson Oil Company. At his sentencing hearing, Nix informed the court that he was 61 years old, had high blood pressure, and was looking for but having trouble finding work because of his age and his prior criminal record. The state replied that because Nix was currently able to work, he should be required to make some effort to reimburse his former employer for the fair market value of the stolen diesel fuel, i.e., the amount the employer could have sold it for on the retail market, which comprised the cost of the fuel, state and federal taxes, and profit. Nix countered that he should only be required to pay the replacement value of the fuel. The court ordered Nix to pay $1,030 in restitution, the value which the state contended was the fair market value of the fuel stolen.
We reject appellant's first contention that restitution cannot be ordered upon a showing that the defendant lacks the present ability to pay. Section 775.089(1)(a), Florida Statutes (1989), provides, in part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution.
In making such determination, the court is required by section 775.089(6) to
consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate.
Section 775.089(7) places the burden on the defendant of demonstrating his or her financial resources and "the absence of potential future financial resources."
The lower tribunal correctly assessed appellant's financial resources before it ordered restitution. See Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987). The court acknowledged that Nix did not then have the ability to pay restitution, and there was no evidence that appellant was malingering in his job search. Nevertheless, Nix did not establish at the hearing, as required by section 775.089(7), "the absence of potential future financial resources." He merely said, "I'm trying to cut some grass along, but it rained so much that I can't make no money at that." We do not consider that such representation complies with the statutory criteria. Appellant may eventually, in lawn care or some other capacity, earn sufficient resources to make restitution.
Moreover, even if appellant should in the future fail in a good-faith attempt to carry out the terms of the restitution order or be otherwise incapable of complying with its directions, we observe that there are sufficient protections afforded a defendant who is unsuccessful in obtaining the resources to pay court-ordered restitution. As provided in Section 948.06(4), Florida Statutes (1989), if the state establishes that a probationer has failed to pay restitution or the costs of supervision, the probationer must be given the opportunity to prove that he or she does not have the financial resources to pay, "despite sufficient bona fide efforts legally to acquire the resources to do so." See Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985) (if defendant *922 shows inability to pay, trial court must determine whether probation should be revoked based on defendant's failure to work at lawful occupation). Cf. George v. State, 577 So.2d 996 (Fla. 1st DCA 1991) (absent finding that defendant has the ability to pay, probation cannot be revoked due to the failure to pay costs of supervision).
Regarding appellant's second issue, however, we are in agreement that the retail value of the gasoline is an appropriate measure of the fair market value of the stolen fuel. Garrison v. State, 553 So.2d 1377 (Fla. 2d DCA 1989) (trial court may select either replacement cost or selling price as fair market value of stolen property). However, before state and federal taxes may be included in the calculation of restitution, the court must determine whether Robinson Oil actually paid such taxes. Absent evidence of this, Nix cannot be required to make Robinson Oil whole for an expense it did not incur.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further consistent proceedings.
BOOTH and ZEHMER, JJ., concur.