ON MOTION FOR REHEARING
JOANOS, Chief Judge.
Appellant seeks rehearing of this court’s per curiam affirmance without written decision, in which we affirmed the trial court’s order on restitution. On appeal, appellant contended the trial court erred in ordering restitution without inquiring into his ability to pay, and in requiring appellant to comply with a payment schedule to be developed by his probation officer. As grounds for rehearing, appellant maintains the court’s per curiam affirmance makes no sense, in light of the parties’ agreement that the trial court ordered appellant to comply with a payment schedule to be developed by his probation officer, and settled case law that precludes delegation of a payment schedule to a probation officer. We deny the motion for rehearing, with the following brief discussion of the rationale underlying our decision to affirm the restitution order.
Appellant was charged with: (1) attempted first-degree murder, by shooting the victim with a pistol; (2) use of a firearm in commission of a felony; and (3) possession of cocaine. He pled no contest to aggravated battery. Thereafter, his initial sentence was vacated, and the trial court imposed a two-year youthful offender sentence, followed by a four-year probationary term, with a condition of payment of $18,-577.95, as restitution for the victim’s medical expenses. At the restitution hearing, appellant argued that restitution could not be imposed without a determination of his ability to pay. The trial judge observed that he had no idea what appellant's ability to pay would be after he completed his two-year sentence. The judge noted that upon his release, appellant would have to meet with his probation officer to discuss his financial circumstances and an appropriate payment schedule. The written restitution order states in part:
The court ruled that the defendant’s ability to pay could not be determined adequately at this time because, the sentence imposed was two years in the Department of Corrections as a youthful offender, followed by a term of four *1327 years probation. The restitution would be payable as a condition of and during the course of probation.
The court ruled that the defendant’s ability to pay and his other financial circumstances bearing on his ability to pay could be raised during any subsequent hearing on a violation of probation based upon non-payment of restitution.
Under the provisions of section 775.-089(l)(a) and (b), Florida Statutes (1991), the trial court is required to order the . defendant to make restitution to the victim of his crime, absent clear and compelling reasons not to do so. Section 775.089(7), Florida Statutes (1991), requires the trial court to determine the amount of restitution to be paid. In other words, the determination of ability to pay, the amount to be paid, and the schedule of payments, if any, are non-delegable judicial responsibilities. See Bowers v. State, 596 So.2d 480 (Fla. 1st DCA 1992); Smith v. State, 589 So.2d 387 (Fla. 1st DCA 1991); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984), and cases cited therein.
In Ballance, this court suggested that the trial court might utilize the assistance of the probation officer in the following manner:
(1) monitor the defendant’s economic circumstances during the probationary period; (2) notify the court at such time as the defendant appears to have the ability to commence restitution payments; and (3) furnish the court with a recommended payment schedule. However, before any such payment schedule is adopted by the court, the defendant must be afforded the opportunity to be heard on his ability to comply therewith. 447 So.2d at 976.
We conclude the restitution order here at issue is in accordance with the guidelines set forth in Ballance. The record in this case reflects that appellant is a healthy and intelligent eighteen-year old male, who dropped out of school in the eighth grade, and had never had a job of any kind. In these circumstances, it was appropriate for the trial court to defer a decision regarding amount and schedule of payments until appellant is released from incarceration, and confers with his probation officer. At that point, the probation officer would be expected to furnish the trial court with a report of appellant’s employment status, and a recommendation concerning payment of restitution.
Accordingly, the order of restitution is affirmed; the motion for rehearing is denied.
SHIVERS and WEBSTER, JJ„ concur.