ALLEN, Judge.
Arnold appeals from the trial court’s imposition of a habitual violent felony offender sentence, arguing that the trial court failed to make the necessary findings under the statute. See Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992). Because the trial court failed to make the finding *22 specified at section 775.084(l)(b)(4), Florida Statutes (1989), that the predicate conviction had not been set aside, and because Arnold did not waive the requirement for this finding, we vacate the sentence and remand for resentencing.
Arnold stipulated at sentencing that the requirements of section 775.-084(l)(b)(l)-(3) were satisfied. Accordingly, the necessity for findings under those subparagraphs was waived. After being advised of this stipulation, the trial judge said that he understood this stipulation to be a stipulation that Arnold qualified for sentencing as a habitual felony offender. The trial judge therefore made no findings under 775.084(l)(b) before imposing the habitual violent felony offender sentence. Arnold did not waive the requirement that the trial court make a specific finding pursuant to section 775.084(l)(b)(4), and his failure to correct the trial court’s misunderstanding of the stipulation’s legal effect cannot itself serve as a waiver. Treating Arnold’s silence as a waiver under these circumstances would be tantamount to requiring a contemporaneous objection. But no contemporaneous objection is required to preserve for appeal a trial court’s failure to make the findings mandated by section 775.084. See Anderson v. State, 592 So.2d 1119 (Fla. 1st DCA 1991). And the situation here is entirely unlike the waiver in Robinson v. State, 605 So.2d 500 (Fla. 1st DCA 1992), where Robinson affirmatively represented that he did not dispute his qualification to be sentenced as a habitual felony offender.
The habitual violent felony offender sentence is vacated and this cause is remanded for resentencing. We certify the same question we certified in Jones and Anderson.
ZEHMER, J., concurs.
JOANOS, C.J., dissents with opinion.