PER CURIAM.
Lori Bourget appeals from her sentence for insurance fraud and making a false report to law enforcement and contends that the trial court erred in imposing restitution and probation conditions. We determine that the trial court acted within its discretion in making Bourget jointly and severally ha-ble with the other codefendants for the $11,-210 restitution award. See Spivey v. State, 531 So.2d 965 (Fla.1988). Although Bourget testified that she could not afford to pay restitution, we agree with the trial court’s determination that she could afford to make a small monthly payment. We note that the trial court cannot revoke her probation for an inability to pay if she makes a bona fide effort to obtain the necessary resources. See Nix v. State, 604 So.2d 920 (Fla. 1st DCA 1992).
Bourget correctly argues, however, that the special conditions of probation which prohibit her from possessing firearms and using intoxicants excessively are invalid. The conditions (1) are unrelated to the insurance fraud, (2) are not criminal activities, and (3) do not relate to future criminality. See Biller v. State, 618 So.2d 734 (Fla.1993). Therefore, we strike special conditions (4) and (7) of Bourget’s probation.
Affirmed in part and reversed in part.
THREADGILL, A.C.J., and PATTERSON and FULMER, JJ., concur.