PER CURIAM.
Appellant pled no contest to two counts of aggravated battery with a firearm without reserving any issues for appeal. He subsequently filed this appeal, and the public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The appellee urges dismissal of the appeal pursuant to Robinson v. State, 373 So.2d 898 (Fla.1979), Kearney v. State, 579 So.2d 410 (Fla. 1st DCA 1991), and Ford v. State, 575 So.2d 1335 (Fla. 1st DCA) review denied 581 So.2d 1310 (Fla.1991). However, in reviewing the record for any errors that might appear on its face, State v. Causey, 503 So.2d 321 (Fla.1987), we have noticed two minor discrepancies between the written sentencing documents and the oral *1239 pronouncements of the court at sentencing. We believe it is appropriate to call attention to these discrepancies so they may be corrected before they lead to any confusion when appellant begins serving the probation portion of his sentence.
At the sentencing hearing, the court announced that appellant would serve ten years of probation, while the written documents call for eight years of probation. In addition, the court announced that as a special condition of probation, appellant would be required to serve 100 hours of community service for each of the two counts he was charged with, however, the written document appears to call for 300 hours. The oral pronouncement of sentence controls over the written sentence. Robinson v. State, 605 So.2d 500 (Fla. 1st DCA 1992). Therefore, the written documents should be corrected to conform to the court’s oral pronouncements. We REMAND the case for that purpose. In all other respects, the ease is AFFIRMED.
BOOTH, JOANOS and MINER, JJ„ concur.