MICKLE, Judge.
Vicki Lee Duby (Appellant) appeals an order imposing restitution in the amount of $98,642.00 as a condition of community control. § 948.03(l)(e), Fla.Stat. (1991) (provision for making restitution a condition of probation or community control). We conclude that a preponderance of the evidence in the record supports the $98,642.00 figure as the amount of “loss caused directly or indirectly by the defendant’s offense[s]” of grand theft and dealing in stolen property. § 775.089(l)(a), (6) & (7), Fla.Stat. (1991) (restitution statute); Touchton v. State, 616 So.2d 1124, 1125 (Fla. 1st DCA 1993) (prosecution has statutory burden to establish, by preponderance of evidence, victim’s loss or damage caused by defendant). However, Appellant contends that the trial court reversibly erred 1) by failing to show, on the record, its having considered certain factors that must be addressed pursuant to the restitution statute, and 2) by delegating to the probation officer the responsibility for setting a restitution schedule. We agree with Appellant on both points, and are constrained to vacate the order of restitution and to remand the case for further proceedings conforming to the requirements of section 775.089, Florida Statutes. Smith v. State, 589 So .2d 387, 388 & n. 2 (Fla. 1st DCA 1991) (trial court cannot delegate to DOC the responsibility to determine amount of restitution payments); Pope v. State, 575 So.2d 307 (Fla. 2d DCA 1991) (state presented competent substantial evidence to show amount of restitution, but order was reversed and cause remanded to allow defendant to testify regarding ability to pay); Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988) (vacating portion of sentence ordering restitution, and remanding for consideration of ability to pay); Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984) (determination of restitution *801 amount and defendant’s ability to pay are non-delegable judicial responsibilities).
Section 775.089(6), Florida Statutes, states: The court, in determining whether to order restitution and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the present and future financial needs and earning ability of the defendant and [her] dependents, and such other factors which it deems appropriate.
At sentencing, defense counsel objected on the ground that Appellant was financially unable to pay the amount of restitution recommended by the state. The trial court (Judge # 1) acknowledged that “if there’s ... any indication that there is ... an incapacity to pay at all, then we’ll have to look at that on an individual basis.” At the restitution hearing held several months later, a different judge (Judge #2) heard defense counsel’s renewed objection based on Appellant’s alleged inability to pay. The transcript of the hearing indicates that Judge # 2 mistakenly assumed that Judge # 1 already had fully considered and resolved the statutory issues of Appellant’s “financial resources” and “present and potential future financial needs and earning ability.”
The unrebutted evidence in the record demonstrated that the 22-year-old Appellant has a 7th-grade education, has a history of alcohol and controlled substance abuse (including an addiction to cocaine), and once attempted suicide. During the period of time at issue, she was pregnant and unemployed, had no monthly income, and relied primarily on family and friends for her subsistence. As was indicated in Nix v. State, 604 So.2d 920, 921 (Fla. 1st DCA 1992), and Brown v. State, 643 So.2d 663 (Fla. 1st DCA 1994), “a court may order a defendant to pay restitution even though it is apparent that the defendant has no present ability to pay.” Brown, 643 So.2d at 664; Ballance, 447 So.2d at 976 (although defendant was presently unable to pay restitution, eourt could keep defendant “on the hook” and could require defendant to be obligated for future payments “at some appropriate period during the term of ... probation depending upon ... ability to pay”). Nevertheless, we note that the trial courts in Nix and Brown did consider the statutory factors prior to issuing the orders of restitution. Brown, 643 So.2d at 664; Nix, 604 So.2d at 921. Therefore, Nix and Brown, as well as the eases cited by the state in support of affirmance, are materially distinguishable on their facts. See, e.g., Spivey v. State, 531 So.2d 965, 967 n. 2 (Fla.1988) (defendant waived right to challenge restitution order by failing to object and to present evidence of inability to pay); Butts v. State, 575 So.2d 1379 (Fla. 5th DCA 1991) (trial court considered ability to pay and future earning capacity prior to ordering restitution).
We do not disturb the judgment sentencing Appellant to community control, to be followed by probation. For the benefit of the trial court, however, we note that in accordance with the requirements of due process, the restitution statute contemplates the trial court’s consideration of a defendant’s present and future prospects relating to financial resources, needs, and earning ability. In so doing, the statute acknowledges that the financial circumstances of a presently indigent defendant may be deemed capable of improvement in the future and, if so, would permit the future enforcement of an order like the one at issue here. See Bull v. State, 548 So.2d 1103, 1105 (Fla.1989) (no constitutional bar to imposition of statutory lien for costs of appointed legal representation of indigent defendant, to be followed by collection of costs upon defendant’s actually becoming solvent); Jenkins v. State, 444 So.2d 947 (Fla.1984); Brown, 643 So.2d at 663; Palag v. State, 622 So.2d 1151 (Fla. 1st DCA 1993); Harris v. State, 593 So.2d 1169 (Fla. 1st DCA 1992); Jones v. State, 360 So.2d 1158 (Fla. 1st DCA 1978) (actual enforcement of probation order directing payment of costs depended on showing of formerly indigent defendant’s ability to pay). It will be Appellant’s burden on remand to demonstrate her “present financial resources,” “the absence of [her] potential future financial resources,” and “the financial needs” of Appellant and her dependents. § 775.089(7), Fla.Stat.
Bull, Jenkins, Broum, Ballance, and Jones all support our view that after an *802 assessment is made of the statutory factors, the right to order a defendant to pay restitution is an issue separate from the right to enforce such order and to collect the amount from a defendant. This distinction is borne out by the statutory safeguards that are triggered when the state establishes that a probationer who has been ordered to pay restitution has failed to do so. In that instance, the probationer is given a chance to respond prior to imposition of further sanctions. See § 948.06, Fla.Stat. (1991) (affording probationer an opportunity to prove lack of financial resources to pay, despite good-faith efforts to acquire the necessary resources); Nix, 604 So.2d at 921-22; Bass v. State, 473 So.2d 1367 (Fla. 1st DCA 1985).
Section 775.089(6), Florida Statutes, sets out the procedure to be followed on remand: the trial court must determine initially “whether to order restitution and the amount of such restitution,” but only after considering, inter alia, Appellant’s “financial resources” and “present and potential future financial needs and earning ability.” The state submits that Appellant’s sentence on Count I to 2 years of community control, to be followed by a lengthy period of probation (28 years), demonstrates the trial court’s acknowledgment that Appellant will need an extended period of time to pay off the victim’s $98,642.00 loss. Given the absence of record evidence clearly addressing the trial court’s motives, we decline to second-guess the matter. In considering the statutory factors, the trial court should take into account the above-noted circumstances and any other appropriate evidence relating to the issues of present and future financial needs and ability to pay. Shacraha v. State, 635 So.2d 1051 (Fla. 4th DCA 1994) (reversing to establish future payment date or installment schedule, where defendant had no ability to make immediate payment of restitution amount, but there was evidence of future ability to pay); Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991). Upon a finding that restitution is appropriate, the trial court itself should order restitution and establish the terms thereof consistent with its conclusions. Ballance, supra.
SENTENCE VACATED IN PART AND REMANDED for further proceedings.
BOOTH and VAN NORTWICK, JJ., concur.