BOOTH, Judge.
This cause is before us on appeal from a probation modification order setting restitution after a hearing on same.[1] At the hearing, after learning that appellant Staw-icki was unemployed, the trial court stated: “Probation officer will determine his [Staw-icki’s] ability to pay if and when he gets a job.” Had that suggested delegation of authority been included in the order under review, we would be required to reverse. Smith v. State, 613 So.2d 1325 (Fla. 1st DCA 1992), rev. dismissed, 618 So.2d 210 (Fla.1993); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984).
Because it was not, we affirm, but note that the trial court (not the probation officer) must determine Stawicki’s ability to pay. As stressed in Ballance, this does not mean that the trial court cannot require the probation officer to: (1) monitor Stawicki’s economic circumstances during the probationary period; (2) notify the trial court at *223 such a time as Stawicki appears to have the ability to commence restitution payments; and (3) furnish the court with a recommended payment schedule. “However, before any such payment schedule is adopted by the [trial] court, the defendant must be afforded the opportunity to be heard on his ability to comply therewith.” Ballance, 447 So.2d at 976.
AFFIRMED.
LAWRENCE and VAN NORTWICK, JJ., concur.

. Appellant Stawicki docs not contest the amount of restitution ordered.