688 So.2d 453 (1997)
Tilden Lee FICHERA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2102.
District Court of Appeal of Florida, First District.
February 28, 1997.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Carolyn J. Mosely, Assistant Attorney General; Laura M. Fullerton, Certified Legal Intern, Tallahassee, for Appellee.
PER CURIAM.
Tilden Lee Fichera (Fichera) challenges the trial court's restitution order on two grounds. The State concedes error on both points. We affirm in part, and remand in part.
Notwithstanding the State's concession of error, we find the trial court did not abuse its discretion in the amount of restitution it imposed. There was competent evidence in the record supporting the assessment. We agree, however, that the trial court improperly delegated to Fichera's probation officer the responsibility for creating a schedule of payments consistent with his ability to pay. Briggs v. State, 647 So.2d 182 (Fla. 1st DCA 1994); Bowers v. State, 596 So.2d 480 (Fla. 1st DCA 1992); Smith v. State, 589 So.2d 387 (Fla. 1st DCA 1991). The restitution order must be remanded with directions to strike this language. On remand, if the trial court determines that payment of restitution in installments is appropriate, it must establish the schedule itself. See § 775.089(3), Fla. Stat. (Supp.1994).
AFFIRMED in part, and REMANDED in part for consistent proceedings.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.