892 So.2d 1192 (2005)
Susan EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3453.
District Court of Appeal of Florida, Fifth District.
February 4, 2005.
Thomas E. Cushman of Thomas E. Cushman, P.A., St. Augustine for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant *1193 Attorney General, Daytona Beach, for Appellee.
JOHNSON, T.M., Associate Judge.
Susan Edwards appeals the trial court's order revoking her probation. Edwards and her former husband, Bruce Edwards, were in the midst of a divorce when she burned down the marital home. She pled no contest to the charge of first degree arson and the State in turn recommended a downward departure sentence of fifteen years probation with the proviso that Edwards pay restitution to State Farm Insurance Company, ("State Farm"). The parties and the lower court were aware that restitution would likely exceed $200,000. The lower court accepted the plea, sentenced Edwards to fifteen years probation, and reserved ruling on the imposition of restitution until a final tally could be assessed. Edwards was permitted to transfer her supervision to California where she resides.
In June of 2001, a brief restitution hearing was held. Edwards was not present, but she was represented by counsel. The State offered an affidavit from State Farm which recited their loss to be $312,015.08. The day following the restitution hearing, the lower court entered an order setting restitution at $312,015.08 with an indication that the total amount was to be paid immediately. The order also specified that the court was reserving jurisdiction "to redetermine the amount and manner of restitution if appropriate." Edwards never objected to the amount of restitution, and defense counsel made no argument at the restitution hearing about Edwards' then present or future ability to pay the restitution. The restitution order was not appealed.
At the violation of probation hearing, a claims representative for State Farm testified that Edwards paid a total of $288.45 since entry of the restitution order and noted that Edwards had testified, under oath in deposition four months after the fire, that she owned over $115,000 in assets.[1] On cross examination, however, the representative admitted that he had no knowledge of Edwards' present ability to pay the restitution apart from the assets she claimed to own during the deposition.
At the violation of probation hearing, Edwards testified that she was, and had been, living in California with her ex-husband, Ken Marciano, who supported both her and her daughter. Edwards stated that she was not employed, was under the care of a psychiatrist, and did not have a California driver's license because of her mental condition. Edwards also alleged that she was confused by the lack of instruction from her probation officer regarding her obligation to repay State Farm. Edwards testified that she was informed that she only had to remit payment if she received income. Accordingly, she made payments totalling $288.45, representing the income she had received during the two years following entry of the restitution order. Edwards stated that no one told her that she was required to sell her possessions or get a job to generate income. Edwards contends that her confusion regarding how to fulfill her obligation *1194 to pay the restitution rendered any violation non-willful.[2]
In response, the State argues that Edwards was provided with specific instructions regarding her obligation to make payment via a letter from her probation officer setting up a payment schedule. Further, her probation officer testified that upon seeing the "pay immediately" requirement in the restitution order, he contacted the court and was allegedly instructed to set a restitution schedule. However, the court file did not contain the letter allegedly sent to Edwards, nor did it contain the alleged order setting a restitution schedule. Notwithstanding Edwards' assertion that she never received the alleged letter from her probation officer, the lower court found that Edwards was given proper notice of her payment obligations and that she willfully refused to comply even though she had the ability to make payments. The lower court then revoked Edwards' probation and sentenced her to forty-eight months incarceration.
The State carries the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated her probation. Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). When the violation is for failure to pay restitution or costs, the State must adduce evidence of her ability to pay to demonstrate willfulness. Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000). The original order imposing restitution required the defendant to immediately pay $312,015.08 to State Farm. There are no further court orders in the record modifying this requirement, and the State's reliance on an alleged letter from the Department of Probation and Parole to Edwards, requiring her to make monthly installment payments, is of no avail. Even if such a payment schedule had been established by the probation officer, it would have been ineffective as a ground for revoking Edwards' probation. It is well established that a trial court cannot delegate to a probation officer the duty of formulating a restitution payment schedule. E.g., Fichera v. State, 688 So.2d 453 (Fla. 1st DCA 1997); Duby v. State, 651 So.2d 800 (Fla. 1st DCA 1995); Mayer v. State, 632 So.2d 678 (Fla. 5th DCA 1994); Strickland v. State, 610 So.2d 705 (Fla. 4th DCA 1993); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991).
In order to revoke Edwards' probation the lower court was required to make a finding that she had the present ability to pay the full amount of the restitution owed. The lower court made no such finding, nor does the record show that the State met its burden of proving by the greater weight of the evidence that Edwards had the present ability to pay $311,757.08.
Further, it is improper for a court to order the immediate payment of restitution from a defendant who has no immediate ability to pay. Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993). Accordingly, the trial court's order is reversed and remanded with instructions to reinstate Edwards' probation and establish a later specified payment date or an installment payment schedule based upon her financial resources, *1195 present and future financial needs, and earning ability.
REVERSED AND REMANDED.
PALMER, J., concurs.
GRIFFIN, J., concurs specially, with opinion.
GRIFFIN, J., concurring specially.
The record shows without dispute that the order specifying immediate payment of the $312,000 was a mistake. According to the prosecutor, someone in the Probation Department asked the judge about the order and he initialed a change to the restitution order, instructing that a payment schedule be established. This amendment to the order is not, however, in the record, and there is no evidence that the defendant or her counsel ever got a copy. Nor was the subsequent letter from the probation officer to Ms. Edwards concerning the payment schedule in the record. Ostensibly, accompanying the letter was an "Offender Financial Obligation Agreement" for her to sign. The State, at our request, has located and filed a copy of the probation officer's letter but no copy of the proposed "agreement" can be found. The record may contain evidence that Davis did not pay all the restitution she could have paid, but without a valid order of record on which to base a finding of violation, this violation cannot be sustained.
NOTES
[1] In addition to the amount of loss, the State provided the court with a list of assets purportedly owned by Edwards. This list was originally attached to the transcript of a deposition taken in the Edwards' dissolution proceeding wherein Edwards testified about the value of her personal property. At the probation hearing Edwards testified that she was still in possession of the items, but did not know the value of the items. At some time between the two violation of probation hearings, Edwards sold a number of the items for their appraised value of $6,750 to her ex-husband, Ken Marciano. The funds were then tendered to State Farm.
[2] Edwards' assertion that her failure to pay the restitution was not willful is premised in large part on her testimony that she was confused as to how to accomplish paying her restitution because neither her probation officer nor the court told her she had to get a job or sell her assets. We reject this argument. We find no authority for the proposition that a court or the Department of Corrections is required to blueprint the means by which a defendant could legally acquire funds to pay a restitution obligation, and refuse to impose such a duty.