# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2768
LT Case No. 2020-302465-CFDB

_____

WILLIE E. WALKER,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Karen A. Foxman, Judge.

Matthew J. Metz, Public Defender, and Darnelle Paige Lawshe, Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah A. Chance, Assistant Attorney General, Daytona Beach, for Appellee.

September 6, 2024

EDWARDS, C.J.

Appellant, Willie E. Walker, was charged with first degree murder, robbery with a firearm, and possession of a firearm by a convicted felon. The jury found him guilty as charged for first-degree murder and robbery with a firearm. Appellant pled guilty, open to the court, on the felon in possession of a firearm charge.

He was adjudicated guilty on all three charges. The trial court sentenced him to life in prison without the possibility of parole on the murder conviction, followed by a second life sentence subject to a twenty-five-year mandatory minimum term to be served consecutively for the robbery with a firearm conviction. Appellant was sentenced to fifteen years in prison with a three-year mandatory minimum term for the conviction of possession of a firearm by a convicted felon, which was to run concurrently with his second life sentence. Appellant's counsel filed an *Anders*[1] brief.

We have found no reversible error apparent on the face of the record. *State v. Causey*, 503 So. 2d 321, 322 (Fla. 1987). However, we remand for correction of a scrivener's error because the written sentence differs from the oral pronouncement. The written judgment and sentence here correctly reflects that the trial court imposed a three-year statutory mandatory minimum prison term for his conviction of Count VI of possession of a firearm by a convicted felon. However, the written sentence also shows an inadvertent check mark in the box for a ten-year mandatory minimum which was not ordered by the trial court. The trial court is instructed to correct this scrivener's error on remand.

"A scrivener's error refers to 'clerical or ministerial errors in a criminal case that occur in the *written* sentence, judgment, or order of probation or restitution,' *i.e.*, 'a mistake in the *written* sentence that is at variance with the oral pronouncement of sentence or the record, but not those errors that are the result of judicial determination or error.'" *Migdal v. State*, 970 So. 2d 445, 448–49 (Fla. 4th DCA 2007) (quoting *Ashley v. State*, 850 So. 2d 1265, 1268 n.3 (Fla. 2003)). It is well-settled law that the oral pronouncement of the sentence controls over a written order or sentence that differs. *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007). "[W]e have held that the oral pronouncement is, in effect, the controlling disposition . . . ." *Id.* at 604. In *Ashley*, 850 So. 2d at 1267, the Florida Supreme Court recognized "a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary." *Id. (*quoting *Justice v. State*, 674 So. 2d 123, 125 (Fla. 2003)). "[W]ritten sentences are usually just

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

2

a record of the actual sentence required to be pronounced in open court." *Id.* at 1268. Put another way, "[a] written sentence is merely a record that must conform to the orally pronounced sentence." *Hutto v. State*, 232 So. 3d 528, 529 (Fla. 1st DCA 2017).

"Thus, when a conflict arises between the written sentence and the oral pronouncement, "the oral pronouncement prevails." *Ashley,* 850 So. 2d at 1268. The supreme court "determined that a written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence." *Williams*, 957 So. 2d at 603.[2] *See also Kyle v. State*, 648 So. 2d 1238, 1238–39 (Fla. 1st DCA 1995); *Galvin v. State*, 359 So. 3d 407, 407–08 (Fla. 2d DCA 2023); *Lee v. State,* 780 So. 2d 335 (Fla. 3d DCA 2001); *Gallardo v. State*, 991 So. 2d 997, 998 (Fla. 4th DCA 2008); *Roberts v. State*, 252 So. 3d 424 (Fla. 5th DCA 2018).

In the case now before the Court, the written sentence comports with the oral pronouncement with one exception. The written sentence includes a ten-year sentencing provision regarding possession of a firearm by a convicted felon that was not orally pronounced. Accordingly, we remand for correction of that discrepancy in the written sentence. Because this resentencing to correct a scrivener's error is simply a ministerial act, Appellant need not be present. *Rodriguez v. State*, 223 So. 3d 1053, 1055 (Fla. 2d DCA 2017).

AFFIRMED; REMANDED with instructions.

LAMBERT and BOATWRIGHT, JJ., concur.

---

[2] Under appropriate circumstances, a written judgment and sentence can be utilized as a corrective measure to add a nondiscretionary mandatory minimum term that the trial court failed to orally pronounce during sentencing. *Dunbar v. State*, 89 So. 3d 901, 906 (Fla. 2012).

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____