547 So.2d 341 (1989)
Debra Gomes MOREL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03573.
District Court of Appeal of Florida, Second District.
August 11, 1989.
Marshall G. Slaughter, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Debra Gomes Morel, challenges an order requiring her to make restitution in the amount of $16,800 as a condition of her probation. We find that the court erred in determining the amount of restitution and, accordingly, reverse.
The appellant pled nolo contendere to an information charging her with grand theft in violation of section 812.014(2)(b), Florida Statutes (1985). She was adjudicated guilty of this offense and placed on probation for a period of five years. One of the conditions of her probation required her to make restitution to the victims of the crime. At the conclusion of a hearing to determine the amount of restitution, the court found that the appellant admitted taking money from the victims for twentyeight *342 weeks. He also found that she averaged taking approximately $600 per week and that she had taken a total of $16,800. Based upon these findings, the court ordered the appellant to repay the victims a total of $16,800. This timely appeal followed.
Absent reasons not material in this case, section 775.089(1)(a), Florida Statutes (1985), requires the trial court to order restitution to the victims of crimes for damages or loss caused directly or indirectly by a defendant's offense. Section 775.089(1)(a) also requires the court to make the payment of restitution a condition of probation in accordance with section 948.03(1)(e), Florida Statutes (1985).
A condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot, however, require payment in excess of the amount of damages the criminal conduct caused the victim. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). See also Wilson v. State, 452 So.2d 84 (Fla. 1st DCA 1984). If the parties cannot agree on the amount of the victims' damages, as in this case, the court must resolve the dispute, and the burden of demonstrating such loss by a preponderance of the evidence is on the state. § 775.089(7), Fla. Stat. (1985). The state did not meet its burden in this case.
The appellant, who was responsible for the daily receipts of the victims' business, admitted taking $1200 from the victims, and an auditor testified that shortages in excess of $25,000 existed during the critical time periods. It was established, however, that some of the shortages were the result of the victims' withdrawal of funds from the daily receipts prior to bank deposits being made. Although the victims properly entered these amounts on slips of paper when the amounts were withdrawn, the slips were not delivered to the auditor for use in the audit, or available for use at the restitution hearing. Without this evidence the court could not determine how much of the shortage may have been caused by the appellant's crime. Additionally, the auditor testified that there was no audit trail and no procedure he could use to determine who took the money or how it was taken. The state, accordingly, did not carry its burden of establishing by a preponderance of the evidence that the appellant caused the victims damages in the amount of $16,800. See Thomas v. State, 480 So.2d 158 (Fla. 1st DCA 1985). Since the state only proved damages to the victims in the amount of $1200, we reverse and remand with directions to amend the restitution order to reflect the amount of restitution to be $1200.
Reversed and remanded with instructions.
CAMPBELL, C.J., and SCHEB and SCHOONOVER, JJ., concur.