LEHAN, Acting Chief Judge.
Defendant appeals the order requiring him to pay $123,971.53 restitution upon his conviction for leaving the scene of an automobile accident with injuries. He challenges the propriety of any restitution under the circumstances of this case and also contends the trial court failed to consider his ability to pay $123,971.53. We reverse.
As part of a negotiated plea, defendant agreed to pay restitution, reserving his right to a hearing to determine the amount. Because of his agreement, he has waived any objection to the propriety of restitution. See Ferris v. State, 558 So.2d 179 (Fla. 2d DCA 1990); Pollock v. Bryson, 450 So.2d 1183 (Fla. 2d DCA 1984). However, at the restitution hearing defendant effectively objected to the amount of restitution on the basis that he did not have the ability to pay. According to the evidence, he supported four people with the wages he earned picking tomatoes.
We strike the amount of restitution and remand so that the trial court may order restitution in an amount which is reasonably within the defendant’s present or potential future ability to pay. See Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991); § 775.089(6), Fla.Stat. (1991). See also Peters v. State, 555 So.2d 450 (Fla. 4th DCA 1990) (condition of probation should not be impossible to perform).
ALTENBERND and BLUE, JJ., concur.