614 So.2d 677 (1993)
John T. HOUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2821.
District Court of Appeal of Florida, First District.
March 4, 1993.
Rehearing Denied March 30, 1993.
Kimberly Fitzpatrick Pell, Panama City, for appellant.
Robert A. Butterworth, Atty Gen., Carolyn J. Mosley, Asst Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Appellant challenges the order of restitution pursuant to which the trial court held him liable to pay $14,716.17 to Sunland Food Mart. We affirm the order of probation but are compelled to reverse the order of restitution because of the lack of any probative evidence demonstrating the amount ordered constituted "damage or loss caused directly or indirectly by the defendant's offense" of grand theft. See sections 775.089(1)(a) (restitution to victim shall be for damage or loss directly or indirectly caused by defendant's criminal conduct) and 948.03(1)(e) (restitution as condition of probation), Florida Statutes (1989); State v. Williams, 520 So.2d 276 (Fla. 1988); Mansingh v. State, 588 So.2d 636 (Fla. 1st DCA 1991).
The sworn complaint of Sunland Food Mart's general manager stated that Appellant had removed "approximately $2,500.00" from the store's cash receipts. That was the reported amount of loss at the time Appellant entered into a plea agreement to pay "full restitution," and $2,500.00 was the amount Appellant admitted having taken from the store. See Martel v. State, 596 So.2d 100 (Fla. 2d DCA 1992). Sunland Food Mart's owner subsequently claimed in a victim impact statement that its "financial, economic or property loss" amounted to the substantially higher figure of $30,297.00. Much of the documentary evidence on which the state relied was subject to the hearsay rule and failed to meet the strict requirements for admissibility under the "business records" exception, on which the state relied. See section 90.801, 90.802 and 90.803(6), Florida Statutes (1989); Beckerman v. Greenbaum, 439 So.2d 233 (Fla. 2d DCA 1983). Those who testified on the company's behalf could not determine precisely what *678 portion of its losses above $2,500.00, if any, resulted from Appellant's offense. From our review of the record, we find the "waiver" decisions factually distinguishable. See, e.g., Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991); Dickens v. State, 556 So.2d 782 (Fla. 2d DCA 1990). The state did not carry its statutory burden of establishing, by a preponderance of the evidence, that Appellant caused the victim damage or loss in the amount ordered. See section 775.089(7), Florida Statutes (1989); Morel v. State, 547 So.2d 341 (Fla. 2d DCA 1989). The trial court is instructed on remand to issue an order requiring Appellant to pay $2,500.00 in restitution to Sunland Food Mart. Thomas v. State, 480 So.2d 158 (Fla. 1st DCA 1985).
REVERSED and REMANDED.
BOOTH and KAHN, JJ., concur.