616 So.2d 1124 (1993)
Lori TOUCHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3806.
District Court of Appeal of Florida, First District.
April 13, 1993.
Nancy A. Daniels, Public Defender, Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, having pled nolo contendere to 11 counts of dealing in stolen property, challenges that portion of a restitution order requiring her to pay $38,348.17 to the victim and the victim's insurer. We find that the court erred in determining the amount of restitution, and reverse.
The record reveals that the appellant was a former employee of the jewelry store from which the stolen property was taken. Over a five or six month period, the appellant took pieces of jewelry from the store, specific descriptions of which are not included in the charging document nor found elsewhere in the record.
At the restitution hearing, the state sought to establish the value of the stolen jewelry with testimony from the store's general manager and part owner, Mr. Thompson, who was the state's only witness. Thompson testified that some of the *1125 pieces of jewelry were returned by appellant's parents, while others were recovered from pawn shops and returned by the police. Some items were never returned. Thompson's testimony as to the value of the stolen items was almost exclusively in terms of subtotals. Thus, he provided dollar figures for the total value of all stolen items, the total value of items returned and, most importantly, the figure of $38,348.17 representing the value of the lost jewelry. When pressed for an itemized list of the missing pieces, Thompson stated that he did not have such a list available, nor could he compile a list by the next day. Thompson explained that he arrived at the subtotals by going over his stock books item-by-item, and that the stock books listed the store's cost and sales price for all merchandise. Defense counsel complained that no effective cross-examination could be undertaken without an itemized list from Thompson, but the trial court refused to grant a continuance for the purpose of preparing such a list. Despite appellant's testimony disputing the value of the stolen items, the trial court ordered restitution that included the $38,348.17 for the missing items as testified to by Thompson.
The state did not carry its statutory burden of establishing, by a preponderance of the evidence, that appellant caused the victim damage or loss in the amount ordered. See § 775.089(7), Fla. Stat. (1989). Not only did the state fail to produce an itemized account of the missing pieces of jewelry, but there were also unexplained discrepancies in the nonitemized subtotals upon which the restitution order was based. Thus, Thompson testified that $11,331.83 represented the total value of all returned jewelry. However, the value of nine pieces returned by the police, which appear to be the only pieces individually described and itemized, add up to $22,170, without including the value of the additional items returned by appellant's parents. We must reverse as we are unable to determine from the record whether the restitution order improperly includes recovered property. See Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 830 (Fla. 1986).
Accordingly, the restitution order is reversed and the case is remanded for a new restitution hearing.
BOOTH, SMITH and MICKLE, JJ., concur.