622 So.2d 624 (1993)
Robert T. DELKS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02950.
District Court of Appeal of Florida, Second District.
August 13, 1993.
*625 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Robert T. Delks appeals the final order of restitution, arguing that the state failed to prove the victim's damages by a preponderance of the evidence. We agree with Delks and direct that the order of restitution be amended to reflect that Delks is responsible for payment of $3,000.
Delks pleaded nolo contendere to grand theft in the third degree. Delks embezzled rents collected for an absentee landlord. At the restitution hearing, Delks conceded that he owed $3000 but disputed an additional $1000 that the landlord was attempting to recover. The landlord provided rent receipts only totaling $3000. He testified that one tenant told him that he paid the rent but had lost his receipts. The landlord was unable to locate another tenant to determine whether he paid Delks any rent. The landlord argued that according to his records Delks should have collected $4000 in rent. Delks objected on the ground of hearsay regarding the statement of the one tenant. In response to the court's question regarding how he knew how many apartments were rented, the landlord stated that Delks sent him monthly reports. However, the landlord did not have these reports with him at the restitution hearing. Delks objected to the testimony regarding these reports.
Section 775.089(7), Florida Statutes (1991) places the burden of demonstrating the amount of loss on the state. The state failed to produce the monthly reports evidencing how many apartments were actually rented at the time of the crime. Furthermore, the hearsay evidence was inadmissible to prove the amount of restitution in this case because Delks made a timely objection to this hearsay evidence. See Thomas v. State, 581 So.2d 992, 993 (Fla. 2d DCA 1991).
This case is similar to Morel v. State, 547 So.2d 341 (Fla. 2d DCA 1989) in that the state was able to prove only the amount of damage which the defendant admitted causing. Even though there was alleged documentary evidence, it was not available at the hearing. This court concluded that the state failed to carry its burden of demonstrating the disputed loss by a preponderance of the evidence and reversed with directions to amend the restitution order to reflect the amount that the defendant admitted to taking, which was the amount the state was able to prove.
In this case the landlord was unable to find one tenant and it is questionable if the monthly report he claims to have would actually be admitted under the "business records" hearsay exception. Accordingly, we direct that the order be amended to reflect that Delks owes $3000, which is the total amount of the actual receipts.
DANAHY, A.C.J., and BLUE, J., concur.