PETERSON, Judge.
Alfred Kirkland complains that the trial court erred by entering a restitution order requiring him to pay for the full value of personal property removed during a burglary and by not determining his ability to pay the restitution amount of $14,042.72. During the restitution hearing Kirkland told the trial court that the issue was not the value of the property taken, but that he should not be responsible for the property taken by others during the robbery. Kirkland would not or could not tell the court how many others were involved. When asked by the court for names of the others, Kirkland partially responded by saying, “[W]ell, not exactly the name, but I gave them the location where he can locate them.”
Section 775.089, Florida Statutes (1991) requires a sentencing court to order a defendant to make restitution to victims for losses caused directly or indirectly by the defendant’s criminal offense. Where a defendant commits a criminal offense in concert with others a court has discretion to require the defendant to pay the full amount of restitution. Spivey v. State, 531 So.2d 965 (Fla. 1988). In ordering restitution, the court is directed to consider “the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his dependents, and such other factors which it deems appropriate”. § 775.089(6), Fla.Stat. (1991). The burden of demonstrating the present and potential future resources and needs of the defendant and his dependents is on the defendant. § 775.089(7), Fla.Stat. (1991). In the instant *1058 case the only mention of such resources or needs came from the defendant, not in the form of evidence, but in the form of a question:
[I] would like to know how will I pay this fourteen thousand dollars? I’m incarcerated for ten years with habitual sentence ....
Kirkland’s response and question do not satisfy the statutory burden to show the court why he cannot pay the restitution.
The restitution order is affirmed.
AFFIRMED.
HARRIS, C.J., and W. SHARP, J., concur.