PATTERSON, Judge.
The appellant challenges the amount of restitution she is ordered to pay pursuant to her plea agreement. She contends that the trial court erred in failing to require the state to prove the amount of restitution that she owed as a result of her forgeries. We agree and reverse.
On May 22, 1992, the state filed an information charging the appellant with one count of grand theft, five counts of forgery, and one count of uttering a forged instrument. The appellant pled no contest to two counts of forgery and one count each of grand theft and uttering a forged instrument. Her plea agreement required her to pay “the full amount” of restitution.
At a sentencing hearing on August 27, 1992, the trial court adjudicated the appellant guilty of the charges, ordered her to pay restitution, and placed her on three years’ probation. At that time, the state claimed the amount of restitution would be approximately $18,000.
The appellant disputed the amount of restitution and filed a motion to modify restitution. During a hearing on the motion, the *171 appellant stated that a number of the cheeks offered as exhibits were not forgeries and were improperly considered as part of the restitution. The trial court declined to review each check for authenticity and offered the appellant either the option to pay $19,-155, the amount of restitution proposed by the state, or to withdraw her plea.
Section 775.089(7), Florida Statutes (1991), places the burden of proving the amount of loss on the state. Here, the state introduced checks which the appellant allegedly forged; however, it did not introduce any evidence to prove that all the signatures were forgeries. The appellant timely objected to the amount of restitution and- to the admission of all the checks. The state was then required to demonstrate the disputed loss by a preponderance of the evidence. Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993). Since the state failed in carrying its burden, the trial court abused its discretion in requiring the appellant to pay the amount of all the checks.
Therefore, we reverse and remand for a restitution hearing to allow the state to prove the correct amount of restitution.
Reversed and remanded.
FRANK, C.J., and FULMER, J., concur.