637 So.2d 288 (1994)
Margaret THERRIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2946.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
Rehearing Denied June 2, 1994.
*289 James B. Gibson, Public Defender and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
Therrien appeals from a restitution order imposed after she pled nolo contendere to eleven counts of attempted computer fraud,[1] ten counts of grand theft,[2] and one count of petit theft.[3] These charges were based on her theft of cash 3 lottery tickets worth in excess of $30,000 from her employer, Delco Oil Company, Inc. The trial court withheld adjudication and placed Therrien on consecutive one-year periods of probation for each offense.
The judge set restitution at $31,800, payable at the rate of $200 per month until November of 1992, and thereafter at the rate of $300 per month. Therrien voluntarily agreed to make restitution as a condition of probation, and she does not challenge the total amount on appeal. However, on appeal, she argues the amount of monthly payments are excessive and beyond her ability to pay. We affirm.
Therrien is fully protected by the principle that one cannot be found to have violated the conditions of community control/probation requiring payment of costs or restitution if one cannot in fact afford to make such payments. In such case, there *290 would be no willful violation. Jordan v. State, 610 So.2d 616 (Fla. 1st DCA 1992); Kolovrat v. State, 574 So.2d 294 (Fla. 5th DCA 1991).
In order to avoid the possibility of incarceration for stealing in excess of $30,000 from her employer, Therrien agreed to pay restitution and to permit the court to determine the amount and the schedule.
In this regard, the following discussion took place:
COURT: The plea indicates the agreement is that the court will withhold the adjudication of guilt and you will be sentenced to two (2) years community control followed by eight (8) years of probation. And that restitution will be ordered. The amount of restitution and the scheduled payments will be determined by the court. Is that your understanding of the agreement?
DEFENDANT: Yes.
COURT: Are you satisfied with that?
DEFENDANT: Yes.
Section 775.089(1)(b)2, Florida Statutes (1993) provides:
An order of restitution entered as part of a plea agreement is as definitive and binding as any other order of restitution ...
Although Therrien did not stipulate as to the amount of restitution, she did agree that restitution would be required and the amount would be determined by the court. She put on evidence as to her financial hardship but the judge had to determine her credibility and decide whether to accept her testimony. The trial judge found that the monthly payments were appropriate even after hearing her testimony. Therrien has failed to show that the court erred in this regard.[4] At the conclusion of the hearing on restitution, Therrien failed to object either to the total amount or the amount of monthly payments. Further, since this restitution is consistent with the negotiated plea, and Therrien has not sought to withdraw her plea, she is now estopped to challenge this restitution on appeal. Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993).[5] While Therrien does not now contest the total amount, she wishes to be relieved from the pressure of having a minimum payment per month. By releasing her from this monthly obligation, she would be immune from enforcement by violation of probation for nonpayment of any amount excused even if her conditions changed in the future. We prefer to leave in place the incentive for her to make as much of the restitution as she can  leaving the burden on her, if challenged, to prove that she has paid all that she can. § 948.06, Fla. Stat. (1993); Morgan v. State, 491 So.2d 326 (Fla. 1st DCA 1986).
AFFIRMED.
PETERSON, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent based on section 775.089, Florida Statutes (1989), and because I disagree with the majority's conclusion that the imposition of the ordered restitution is a positive "incentive" to Therrien. It should be noted that by modifying a $300.00 per monthly restitution payment, Therrien would not be relieved of the burden to pay the entire amount of restitution ordered.
I also disagree that Therrien waived her right to appeal because she did not object to the $300.00 per month payment at the restitution hearing. Ashley v. State, 614 So.2d 486, 490 (Fla. 1993); Taylor v. State, 601 So.2d 540 (Fla. 1992); L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), rev. denied, 624 So.2d 268 (Fla. 1993). The Florida Supreme Court has consistently held that a contemporaneous *291 objection is not required to preserve a purely legal sentencing issue. See, e.g., Ashley; Taylor. The imposition of restitution under section 775.089 and the facts contained in this record, present such an issue.
Specifically, section 775.089(6) requires the judge to consider the "present and potential future financial needs and earning ability of the defendant and his dependents," as well as other relevant factors. Bautista v. State, 600 So.2d 1255 (Fla. 2d DCA 1992); Cogdell v. State, 547 So.2d 256 (Fla. 5th DCA 1989); Ballance v. State, 447 So.2d 974, 975 (Fla. 1st DCA 1984); M.A.R. v. State, 433 So.2d 29 (Fla. 5th DCA), rev. denied, 441 So.2d 632 (Fla. 1983). The defendant must then establish his or her current basic financial needs and those of his or her dependents, and any future earning capacity. § 775.089(7), Fla. Stat.(1989). If there is no present ability to pay restitution, it should be modified, stayed or tolled. Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993); Boss v. State, 613 So.2d 525 (Fla. 5th DCA 1993); Ballance.
The facts in this case are not in dispute. Therrien testified that she is employed as a waitress at Spring Garden Ranch, where she works a little over forty hours per week. Her gross monthly income is between $600-700.[1] She is married and has four children, ranging in age from five through eighteen. Three of her children live at home. Her husband, who was in an automobile accident,[2] needs a back operation and is unemployed. He borrowed money from his mother and a friend to help pay bills. That is how they have been currently living.
The parties have no assets. They lease a home for $700 per month. Their electric bill averages $100 per month, groceries are about $300, and there are various other bills. They own a 1978 Ford, and another inoperable vehicle, a 1980 station wagon. The parties own no real estate, and have no stocks or bonds. It is clear from Therrien's testimony, that only a few of the lottery tickets were "winners," and the money from the winning tickets was used to pay for groceries and other household bills.
No other evidence of Therrien's financial resources was presented at the hearing. Section 775.089(7) requires a judge to resolve discrepancies as to the amount or type of restitution by a preponderance of the evidence. In my view there was no evidence to show that Therrien could pay the $300.00 per month restitution ordered. The most that can be said is that the family's income, earned entirely by Therrien, amounts to $700 per month. This amount must support a total of five people, and must cover the cost of rent, groceries, utilities, clothing, medical, and vehicle expenses, just to name a few. But their income will now be reduced to only $400 per month because restitution of $300 has been ordered effective November, 1992. It seems obvious to me that a family of five cannot live on $400 per month.
Practically speaking, the restitution order will require Florida taxpayers to pick up the additional costs necessary to support this family, and constitutes a shifting of the loss from the victim to the taxpayers because money which would normally be used to support the family is now going to the victim. I do not believe that the legislature intended this result when it determined that persons convicted of criminal offenses should be required to compensate the victims for their losses. Accordingly, I would remand with directions to modify the monthly rate of restitution. Bautista; Medina v. State, 591 So.2d 1085 (Fla. 3d DCA 1991).
NOTES
[1] §§ 815.06, 777.04, Fla. Stat. (1989).
[2] § 812.014(1) & (2)(c), Fla. Stat. (1989).
[3] § 812.014(2)(d), Fla. Stat. (1989).
[4] There was evidence that Mr. Therrien "borrowed" money from his mother and a friend to pay the family bills; there was a question of how many winning lotto tickets she took and what happened to the money; and some questions concerning a substantial amount of jewelry she denied owning. The judge could have disbelieved her as to other sources of funds.
[5] In fact, the judge who originally accepted the negotiated plea, after reviewing the PSI, on his own withdrew the plea agreement and scheduled the matter for trial. It was only after Therrien was able to have that judge disqualified that a substitute judge proceeded under the plea agreement.
[1] Therrien submitted pay stubs, which included tips, to support her testimony. Her base pay, without tips, is $2.12 per hour.
[2] Her husband is a defendant in a lawsuit as a result of this accident. Therrien testified there was little insurance and no insurance settlement. But even if Therrien's husband obtains a cash settlement, consideration of a spouse's resources in a restitution award is improper. Anthony v. State, 574 So.2d 266 (Fla. 1st DCA 1991).