PER CURIAM.
Harold David Paxson appeals the denial of his motion for postconvietion relief. Paxson pled no contest to one count of issuing a worthless check. Paxson asserts that he received ineffective assistance of counsel, as his counsel failed to ensure that as a condition of the plea, the sentence he would receive in this case would run concurrent with sentences he alleges had already been imposed in other counties. We reverse.
Paxson’s claim is that his attorney was ineffective because she did not inform the court that it had the power under section 921.16(2), Florida Statutes (1993), to have Paxson serve this sentence concurrently with already existing sentences. Paxson’s attorney did put on the record that the sentences were to run concurrent. However, when the court demurred that it could not make that promise, Paxson’s attorney did not inform the court that it had the authority to make that decision. The trial court’s order denying the motion for postconviction relief does not address this claim of ineffective assistance of counsel nor are there attachments refuting this claim.
Accordingly, we reverse and remand for further proceedings. The trial court may hold an evidentiary hearing or again deny the motion by attaching portions of the files and records in the case that refute Paxson’s allegation.
Reversed.
DANAHY, A.C.J., and ALTENBERND and QUINCE, JJ., concur.