637 So.2d 341 (1994)
Blaine CROSBY and Scott Crosby, Appellants,
v.
STATE of Florida, Appellee.
No. 93-01945.
District Court of Appeal of Florida, Second District.
May 27, 1994.
*342 Mark Lipinski, Bradenton, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Blaine and Scott Crosby challenge the amount of restitution the lower court imposed after their pleas of nolo contendere to grand theft. They assert that the trial court erred in determining the amount of each victim's loss and in setting a restitution figure in excess of their ability to pay. We agree with both contentions and reverse.
Blaine and Scott were charged in a three-count information with dealing in stolen property, grand theft from Rutland Ranch and grand theft from Russell Regan. Each count described the stolen property as cattle, but the information did not state the number of cattle allegedly involved. In response to Scott's request for a bill of particulars, the state asserted that the appellants stole six or seven steers from Rutland Ranch and two cows and some calves from Russell Regan. The state also maintained it would present evidence that Rutland Ranch had hundreds of cattle missing and that Russell Regan had fifteen head of cattle missing.
The appellants each pleaded nolo contendere to third degree felony grand theft in connection with the thefts from Rutland Ranch and Regan.[1] The other counts were nolle prossed. The lower court accepted their pleas, sentenced them to one year's probation and ordered each of them to pay a minimum amount of $1,000.00 as restitution. It reserved jurisdiction to determine any additional restitution that might be owed at a subsequent hearing. At the plea hearings, the appellants' attorneys pointed out that they didn't know how many cattle the state was alleging their clients had stolen. They also stated they would argue Blaine's and Scott's inability to pay at the restitution hearing.
At the restitution hearing Russell Regan testified he lost fifteen head of cattle in 1987 and 1988, worth $750.00 per head. He did not bring documentation of his loss to the hearing and was testifying from memory. Regan also said he normally lost cattle every year. He did not know whether Blaine or Scott had taken them. The manager of Rutland Ranch testified that 220 cows and three bulls were missing when the cattle were counted in October 1988. He valued the *343 missing animals at $650.00 per head for the cows and $1,500.00 per head for the bulls. The manager also had no knowledge of whether the appellants had taken the missing cattle. The appellants' father, who had previously managed Rutland Ranch, testified that when he left the job in August 1988, no one claimed that Scott or Blaine had stolen any cattle, or that an unusual number were missing. Moreover, the ranch gave him severance pay, receipt of which was contingent on the fact that no cattle were missing.
Blaine testified that he made $250.00 per week, after taxes. His monthly expenses were at least $915.00. Scott worked part-time while attending college, making $5.75 per hour while working seventeen to twenty hours a week. He lived with Blaine, but had expenses of at least $482.00 per month.
The court ordered Scott and Blaine each to pay restitution in the amount of $11,250.00 to Regan and $147,500.00 to Rutland Ranch, at the rate of $110.00 per month to Regan and $215.00 per month to the ranch. We reverse this order because there was insufficient proof that the appellants' criminal conduct caused the victims' losses and because the appellants did not have the ability to pay this amount.
The state attorney has the burden of showing, by a preponderance of the evidence, the amount of loss a victim has sustained as the result of a crime and that the defendant caused the victim's loss. Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993); Touchton v. State, 616 So.2d 1124 (Fla. 1st DCA 1993); § 775.089(7), Fla. Stat. (1991). The state only presented two witnesses, Mr. Regan and the manager of Rutland Ranch. Neither could connect his loss of cattle to Blaine or Scott. Their testimony was simply insufficient to satisfy the state's burden of connecting the victim's loss to the criminal act of the defendant. See House v. State, 614 So.2d 677 (Fla. 1st DCA 1993); Morel v. State, 547 So.2d 341 (Fla. 2d DCA 1989).
Additionally, we hold that the trial court erred in ordering restitution beyond the appellants' ability to pay. Blaine's and Scott's testimony established they did not have present or potential future assets sufficient to pay restitution in the amount of $158,750.00. See Deangelus v. State, 614 So.2d 1194 (Fla. 2d DCA 1993).
The state contends that the appellants have waived any argument concerning restitution because they agreed to pay at the plea hearing. This agreement did waive any argument as to the propriety of restitution, and as to the minimum amount to be paid, $1,000.00 each. Bautista v. State, 600 So.2d 1255 (Fla. 2d DCA 1992). At the plea hearings, however, the appellants informed the court they were challenging the number of cattle the state claimed were stolen, as well as their ability to pay. They again raised these arguments at the restitution hearing. We find the state's waiver argument inapplicable to the issues here.
We strike the amount of restitution ordered and remand to the trial court to determine a reasonable amount of restitution based on the amount of the victims' losses attributable to the appellants' conduct and based on the appellants' ability to pay.
Reversed and remanded.
DANAHY and PARKER, JJ., concur.
NOTES
[1] At the plea hearings, the state announced that it had, in essence, consolidated the two grand theft charges so that all the alleged victims were in the same count. As such, the appellants pleaded nolo contendere to one count of grand theft.