FRANK, Chief Judge.
Ulysses Moore has appealed from orders imposing costs and requiring the payment of restitution following his conviction for aggravated battery. The record discloses that after a verbal altercation with a neighbor, Moore threw a pair of pliers, breaking the neighbor’s leg and injuring her face and eye. The victim claimed to have incurred $13,000.00 in medical bills. The trial court’s comments at sentencing temporarily set restitution in that amount and required the victim to support the figure with medical bills. The trial court suggested that a hearing be held within thirty days from the date of the judgment in the event the victim could not prove the expenses and could not agree with Moore’s counsel on a different or lesser amount. The judgment does not reflect that the $13,000.00 was intended as a temporary sum subject to modification upon the conduct of a hearing. No hearing, however, occurred. Hence, restitution was improperly assessed.
“The state attorney has the burden of showing, by a preponderance of the evidence, the amount of loss a victim has sustained as a result of a crime and that the defendant caused the victim’s loss.” Crosby v. State, 637 So.2d 341 (Fla. 2d DCA 1994) citing *3 Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993); Touchton v. State, 616 So.2d 1124 (Fla. 1st DCA 1993); § 775.089(7), Fla.Stat. (1991). Although the state asserts that Moore was given notice and an opportunity to be heard on this issue, he was not heard. It was incumbent upon the state to prove the amount of loss, and it cannot be said that Moore waived his right to a hearing by not seeking one. It was the state’s burden — not Moore’s — to bring this matter to a hearing and to prove the amount of restitution.
We find no similar error in the imposition of costs. Publication of the statutory provision directing courts to impose a lien is notice of the law, State v. Beasley, 580 So.2d 139 (Fla.1991), and the defendant had adequate opportunity to be heard at sentencing.
Accordingly, we vacate the restitution portion of the judgment and remand this matter for further proceedings consistent with this opinion.
CAMPBELL and FULMER, JJ., concur.