ANTOON, Judge.
Becky Ann Troxell appeals her judgment and sentence, arguing that the trial court improperly ordered her to pay restitution. We affirm.
The information filed against Troxell charged her with burglary of a dwelling while armed,[1] and grand theft,[2] alleging that she and two codefendants burglarized the residence of Clyde Langford and. stole his Lexus automobile, while in possession of a semiautomatic firearm. Troxell answered the charge by entering pleas of nolo conten-dere to reduced charges of accessory after the fact to the crime of burglary of a dwelling,[3] and grand theft auto.[4] The plea was entered pursuant to an agreement between Troxell and the state which stated:
The prosecutor recommends that the following sentence be imposed: Reduce count I as noted, recommend downward departure, two years’ community control, eight years’ probation terminating early upon payment of restitution, $400.00 to state attorney, $200.00 investigating cost.
In explaining the agreement, the prosecutor made it clear that Troxell’s payment of restitution was a material condition:
[s]he would qualify for youthful offender. We feel that six years of supervision is not going to be long enough for the amount of restitution to pay the victim ... or the length of supervision she would require. So we’re looking for a period of supervision that was going to be beyond a period of six years ... and the restitution would not be served to the victim via a prison sentence.
Troxell told the trial court that she understood the agreement and had discussed it with her attorney. Thus, it is evident that Troxell agreed to a long term of probation, thereby avoiding prison, in return for imposition of restitution.
The trial court sentenced Troxell according to the plea agreement.[5] Adjudication of guilt was withheld and Troxell was placed on two years community control followed by three years probation for the offense of accessory after the fact, and a consecutive term of five years probation for the offense of grand theft auto. As a condition of these terms of supervision, Troxell was ordered to pay restitution.
At the restitution hearing, the trial court took testimony from seven witnesses, including Langford. At the conclusion of the hearing, the trial court entered an order requiring Troxell to pay Langford restitution in the amount of $1,450.00 for the losses incurred from the burglary which were not covered by his insurance. The court also ordered Trox-ell to pay $8,906.95 to Langford’s insurer for *1016 the amount it paid Langford for property lost in the burglary. Defense counsel objected to the restitution order. When asked by the trial court why Troxell entered a negotiated plea calling for restitution, counsel answered, “[i]t was part of a package deal so she could keep from going to prison.” At no time did Troxell ask to withdraw her plea. The trial court overruled defense counsel’s objections and entered the restitution order. This appeal followed.
Troxell has received the benefit of a negotiated plea. She freely and voluntarily entered into the plea agreement, agreeing to pay restitution as ordered by the court so as to avoid a prison sentence. By doing so, Troxell waived any objections to the amount of restitution ordered, absent a showing of abuse of discretion on the part of the trial court. Hebert v. State, 614 So.2d 493 (Fla.1993). There has been no such showing. The trial court’s findings with regard to the amount of restitution are supported by the record. Since the restitution order is consistent with Troxell’s negotiated plea, and she has not moved to withdraw her plea, she is now estopped from challenging the imposition of restitution on appeal. Therrien v. State, 637 So.2d 288 (Fla. 5th DCA), rev. denied, 645 So.2d 456 (Fla.1994).
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.

. § 810.02, Fla.Stat. (1993).

. § 812.014, Fla.Stat. (1993).

. § 812.014(2)(c), Fla.Stat. (1993).

.Two additional felony cases in which Troxell entered pleas of guilty and nolo contendere were consolidated with the instant case for sentencing. It was agreed that the same plea agreement would apply to these cases.