664 So.2d 343 (1995)
Michael MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1449.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
*344 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael D. Crotty, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Michael Moore appeals the trial court's order of probation requiring him to pay restitution to the victim of a battery where Moore was one of several attackers. Initially, Moore was charged with aggravated battery.[1] Moore entered a plea of nolo contendere to the lesser included charge of battery[2] and was ordered to pay restitution in the amount of $21,383.90. We affirm the order of probation, including the condition requiring Moore to pay restitution, but we reduce the total amount of restitution ordered.
Moore was one of several attackers who hit the victim and broke his jaw in two places. Moore hit the victim several times and kneed the victim in the face. Although the state failed to prove that Moore's blows caused the injury, this court previously has held that, "[w]here a defendant commits a criminal offense in concert with others a court has discretion to require the defendant to pay the full amount of restitution." Kirkland v. State, 629 So.2d 1057, 1057 (Fla. 5th DCA 1993) (rejecting defendant's argument that he should not be responsible for making restitution for property taken by others during robbery) (citing Spivey v. State, 531 So.2d 965 (Fla. 1988)); see also § 775.089(1)(a), Fla. Stat. (1993) (requiring sentencing court to order defendant to make restitution to victim for damage or loss which was "caused directly or indirectly by the defendant's offense" or which was "related to the defendant's criminal episode"). Accordingly, evidence that other persons participated in the battery against the victim did not prevent the trial court from ordering Moore to make restitution for the full amount of the victim's injuries.[3]
The total amount of restitution ordered, however, was not supported by the evidence presented to the trial court. The state properly concedes that the total amount of the bills entered into evidence for the *345 victim was $13,569.00, not $21,383.90. Accordingly, we reduce the total amount of restitution ordered from $21,383.90 to $13,569.00.
AFFIRMED as modified.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] § 784.045(1)(a)1, Fla. Stat. (1993).
[2] § 784.03, Fla. Stat. (1993).
[3] We also reject Moore's argument that the evidence failed to show he had the ability to pay restitution as ordered by the court. See Bain v. State, 642 So.2d 578 (Fla. 5th DCA 1994), review denied, 651 So.2d 1192 (Fla. 1995); Therrien v. State, 637 So.2d 288 (Fla. 5th DCA), review denied, 645 So.2d 456 (Fla. 1994).