685 So.2d 1365 (1996)
Robin Legrace STRICKLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00785.
District Court of Appeal of Florida, Second District.
October 4, 1996.
James Marion Moorman, Public Defender, Bartow, and Karen Kinney, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Robin Legrace Strickland challenges an order requiring her to pay restitution in the amount of $23,444 as a condition of probation. We reverse because the evidence was insufficient to support the restitution award.
Strickland was employed as the head waitress at the Junkyard Cafe from February 1994 to July 1994. Part of Strickland's job involved issuing control tickets to other waiters and waitresses and accounting for the used and unused tickets. Beginning in February and continuing through July, revenues at the restaurant were below the owner's projections. In July, Strickland was found to have control tickets totalling $631 in her personal possession. She was arrested and subsequently pleaded no contest to grand theft.
*1366 The state requested restitution in the amount of $23,444, which the restaurant owner testified was the difference between his actual revenue and his projected revenue from March to July. In asking for restitution, the state must prove by a preponderance of the evidence the amount of loss sustained by a victim as a result of a crime and that the defendant caused that loss. Moore v. State, 643 So.2d 2 (Fla. 2d DCA 1994). Here the state presented the owner's detailed testimony regarding his system of record keeping and his method of calculating projected profits. We will assume without discussion that this evidence was sufficient to establish the amount of business losses sustained by the victim. However, we conclude that it was not sufficient to satisfy the state's burden of proving that Strickland was responsible for the entire shortfall in revenues.
The facts of this case are very similar to those in Morel v. State, 547 So.2d 341 (Fla. 2d DCA 1989), where the defendant, who was responsible for the daily receipts of the victims' business, admitted stealing $1200. An auditor testified that the business had a $25,000 shortfall during the relevant time period. However, there was no proof as to the cause of the shortfall. This court held that the state failed to meet its burden of establishing that the defendant caused damage to the victims in excess of $1200. See also Crosby v. State, 637 So.2d 341 (Fla. 2d DCA 1994) (restitution amount improper where cattle owners could not connect loss of cattle to the defendant); Delks v. State, 622 So.2d 624 (Fla. 2d DCA 1993) (restitution amount improper where landlord could not show that tenants had actually paid rents which defendant allegedly embezzled).
Because the state failed to meet its burden of proving that Strickland's conduct caused the entire loss claimed, we reverse with directions to enter an amended order imposing restitution in the amount of $631.
Reversed and remanded with directions.
THREADGILL, C.J., and BLUE and FULMER, JJ., concur.