WARNER, Judge.
In contesting the restitution order entered in appellant’s criminal prosecution, the appellant claims that the trial court improperly admitted and relied on inadmissible hearsay testimony. The trial court admitted and permitted testimony concerning a list of items which were on the truck stolen by the appellant. Because the list was not a business record within the evidence code, the evidence was inadmissible. We therefore reverse the restitution order.
Appellant admitted stealing a truck owned by Hawthorne Industries. A restitution hearing was held on the contention of the owner of the truck that various items were missing from the truck when it was returned by the appellant. At the hearing, the president of Hawthorne testified, over repeated objections, from an itemized list of tools and materials that were allegedly on the stolen truck. The president acknowledged that he had no direct knowledge of what was on the truck and that the list he referred to was prepared by some of his employees. The appellant, a former employee of Hawthorne, also testified that he had just finished a job prior to stealing the truck. He specifically denied that most of the items on the president’s list were on the truck.
Although the trial court admitted the itemized list based on the business record exception to the hearsay rule, see section 90.803(6), Florida Statutes (1995), the state did not lay the proper predicate for its admission. The code requires that a memorandum or other data made at or near the time of the event in question made by a person with knowledge may be admissible in evidence if kept in the course of a regularly conducted business activity “and if it was the regular practice of that business activity to make such memorandum ... all as shown by the testimony of the custodian or other qualified witness _” § 90.803(6)(a). The president did not have any personal knowledge of the truck’s missing contents. Moreover, he was unable to testify that the itemized list was kept in the course of Hawthorne’s regularly conducted business activity, or that it was the regular practice of the business to keep such a list. Without the proper predicate for the admission of the list, it should have been excluded. See House v. State, 614 So.2d 677 (Fla. 1st DCA 1993). It is not proper evidence upon which to base the order of restitution.
We therefore reverse the order of restitution and remand for a new restitution hearing.
POLEN and GROSS, JJ., concur.