ANTOON, Judge.
Ronald L. Peters (defendant) appeals the restitution order entered by the trial court which directs him to pay for the victim’s psychological therapy. We must reverse because the record does not contain evidence establishing that the victim’s need for psychological therapy is directly or indirectly related to the defendant’s criminal conduct.
In 1991, after entering guilty pleas to one count of indecent assault upon a child under sixteen years of age and two counts of attempted sexual battery on a child under twelve years of age, the defendant was sentenced to a term of nine years in prison followed by six years’ probation. The plea agreement and the probation order provided that the defendant would pay restitution for the victim’s medical and psychological treatment.
The seven-year-old victim received psychological therapy for two years after the crimes were committed. Her treatment was concluded when it appeared that therapy was no longer helpful.
Thereafter, in February 1997, a restitution hearing was held during which the trial court considered the question of whether the defendant should be required to pay for the victim’s further psychological treatment. The only witness called to testify was the victim’s mother. When asked why the counseling was necessary, the mother stated that the victim, now age 13, had become sexually active and difficult to control. The mother conceded that there had been disruption in the family as a result of financial difficulties, a move, and the mother’s illness. The requested treatment required an up-front payment of $75 followed by a weekly payment of $60 for each week the victim received therapy. The treatment was planned to take three months and further therapy was to be considered at the end of the three-month period. Defense counsel suggested that the court allow the state to present evidence from the treating physician as to what necessitated the victim’s planned therapy. However, the trial court rejected the suggestion, stating that the defendant could not state that his criminal conduct was not the cause of the victim’s behavioral problems. The court then entered an order directing the defendant to pay the victim restitution in the amount of $795, and reserving jurisdiction to determine future restitution.
*738 Section 775.089(l)(a), Florida Statutes (1991), provided in relevant part that:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution.
Thus, the 1991 statute authorized the trial court to award restitution to the victim so long as the damages sustained were either directly or indirectly caused by the defendant’s criminal conduct.[1] However, the state failed to submit any evidence establishing that the victim’s current psychological problems are related, directly or indirectly, to the defendant’s crimes. In this regard, although the defendant’s criminal conduct may well be the cause of the victim’s current behavioral problems, there is no record evidence to support this theory. While it is entirely plausible that the victim’s psychological therapy was necessitated by the defendant’s criminal abuse, it was the state’s obligation to make such a showing. Absent such a showing, an award of restitution is improper. See Strickland, v. State, 685 So.2d 1365 (Fla. 2d DCA 1996).
In closing we note that, if on remand the trial court receives evidence demonstrating that the victim’s present need for psychological therapy was caused by the defendant’s criminal acts, a restitution order should be entered in accordance with the ruling in Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991).
REVERSED and REMANDED.
GRIFFIN, C.J., and HARRIS, J., concur.

. The language set forth in the current restitution statute, section 775.089(l)(a), Florida Statutes (1995), is even more broad, providing in relevant part:
775.089 Restitution.-
(l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode,
unless it finds clear and compelling reasons not to order such restitution.