PARKER, Chief Judge.
S.P. challenges the amount of restitution that the trial court imposed after plead *125 ing no contest to first-degree arson and arson that resulted in harm to a firefighter. S.P. asserts that the trial court erred in setting the amount of restitution in excess of her ability to pay. We agree and reverse.
At the restitution hearing, the manager of the apartment house testified that the only loss incurred as a result of the fire was the $50,000 deductible that he paid out-of-pocket. S.P. introduced evidence that she did not have the ability to pay $50,000 in restitution. S.P. is a high school dropout, who is trying to get her general equivalency diploma (GED). She is also an unemployed single mother living on welfare.
Section 39.054(1)(a)1, Florida Statutes (1995), provides in part that:
“When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make.” Additionally, the State has the burden of establishing the amount of restitution owed and the defendant has the burden of establishing the present financial resources and the absence of potential future financial resources. See § 775.089(7), Fla. Stat. (1995).
We agree that the record supports S.P.’s contention that she does not have the future potential to pay $50,000 in restitution. Accordingly, the trial court erred in ordering restitution beyond S.P.’s ability to pay. See Crosby v. State, 637 So.2d 341, 342 (Fla. 2d DCA 1994). We, therefore, strike the amount of restitution ordered and remand to the trial court to determine a reasonable amount of restitution based on S.P.’s ability to pay. Furthermore, the trial court’s new order of restitution should be contingent upon S.P. obtaining employment sufficient to enable her to make the payments that the trial court orders. See L.J.H. v. State, 627 So.2d 593 (Fla. 2d DCA 1993).
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.