THOMPSON, Judge.
A.J.N. appeals an order of disposition adjudicating him delinquent and imposing restitution. A.J.N. entered a plea of guilty to *1172 burglary of a dwelling[1] and one count of criminal mischief causing damage of more than $200 but less than $1,000.[2] At a separate restitution hearing, the trial court found that A.J.N. and others had “trashed” a vacant house. A.J.N. was ordered to pay restitution of $9,000. A.J.N. contends on appeal that there is no direct evidence that the acts he committed caused the extensive damage and that the restitution exceeded the maximum allowed by law. We affirm.
Under J.O.S. v. State, 689 So.2d 1061, 1065 (Fla.1997), a trial court can order restitution “greater than a maximum dollar value defining an offense for which a defendant is adjudicated guilty” when the amount is proved by a preponderance of the evidence. During the restitution hearing, the state submitted a police report wherein an eyewitness stated that he saw A.J.N. in the house when damage to the house was done. Moreover, a representative of the bank that owned the house testified that he was quoted prices of between $8,800 and $11,000 to,repair the damage. This figure was not contradicted by A.J.N. or any other witness. Thus, the state proved the damages by a preponderance of the evidence. See § 775.089(7), Fla. Stat. (1997); Strickland v. State, 685 So.2d 1365 (Fla. 2d DCA 1996).
Finally, even though A.J.N. acted in concert with others, his involvement cannot be apportioned. Therefore, A.J.N. can be required to pay the entire restitution amount. See Moore v. State, 664 So.2d 343 (Fla. 5th DCA 1995).
AFFIRMED.
GRIFFIN, C.J., and COBB, J., concur.

. § 810.02(3), Fla. Stat. (1997).

. § 806.13(0(6)2, Fla. Stat. (1997).