BENTON, J.
 

 Michael Lewis Ritch appeals an order of the trial court requiring him to make restitution to his former employer, Columbia Grain & Ingredients, Inc. (Columbia Grain), in the amount of $22,152.95. Because this amount lacks substantial support in competent evidence adduced at the restitution hearing, we reverse with directions to substitute the lesser sum that the evidence did establish. We decline to give a judgment, entered in a civil lawsuit to which the state was not a party, preclu-sive collateral effect.
 

 Charged with theft (of property worth more than $300 but less than $5,000), Mr. Ritch entered a plea of guilty to dealing in stolen property between October 20, 2005, and January 7, 2007, in violation of section 812.019(1), Florida Statutes (2005). The state then announced it would
 
 nolle prose-qui
 
 the grand theft charge.
 
 [1]
 
 At the restitution hearing, Mr. Ritch testified that on five or six occasions (in the course of the last of which he was apprehended), he loaded a trailer for one Mario Alonso with soybean meal that belonged to Columbia Grain (in exchange for $300 per load,
 
 *1106
 
 which he pocketed). He put the value of a trailer load of soybean meal at approximately $1,500, and no other evidence suggested a higher value.
 
 [2]
 

 Henry Ward testified that a civil action against Messrs. Ritch and Alonso resulted in a judgment in favor of Columbia Grain in the amount of $22,152.95. Mr. Ward testified that the business normally experiences some loss of grain or “shrinkage” as a result of spillage and spoliation. During the pertinent time period, he testified, the business experienced shrinkage in excess of its historical average for soybean meal. The figure of $22,152.95 was derived by multiplying the “excess shrinkage” of soybean meal by the lowest cost for soybean meal during that period.
 
 [3]
 
 The trial court eventually ordered restitution in this amount, after granting a Florida Rule of Criminal Procedure 3.800(b)(2) motion challenging the amount initially ordered.
 
 [4]
 

 The state has the burden to show that a defendant’s criminal episode or offense caused the victim’s loss, directly or indirectly. § 775.089(7), Fla. Stat. (2005). It is not enough to show merely that a business suffered losses contemporaneously with employee theft.
 
 See Strickland v. State,
 
 685 So.2d 1365, 1366 (Fla. 2d DCA 1996). The defendant in
 
 Strickland,
 
 a waitress at a restaurant, had control tickets totaling $631 in her personal possession, representing money for which she had not accounted to her employer.
 
 Id.
 
 at 1365. Upon her conviction, the state requested restitution based on the restaurateur’s testimony that the difference between actual revenue during the time she worked as a waitress and the revenue that had been projected amounted to $23,444.
 
 Id.
 
 at 1366. This testimony was held insufficient to meet the state’s burden of proving that she was responsible for the entire shortfall in revenues.
 
 Id.
 

 The amount of restitution must be based on more than speculation; it requires competent, substantial evidence.
 
 See Glaubius v. State,
 
 688 So.2d 913, 916 (Fla.1997);
 
 State v. Childers,
 
 979 So.2d 412, 414 (Fla. 1st DCA 2008). That is why convicted cattle rustlers were not required to make restitution for all of a victim’s missing cattle, absent proof they had taken them all.
 
 See Crosby v. State,
 
 637 So.2d 341, 343 (Fla. 2d DCA 1994).
 
 See also Morel v. State,
 
 547 So.2d 341, 342 (Fla. 2d DCA 1989) (holding that the evidence established that some, but not all, shortages were the result of the defendants’ theft and limiting restitution accordingly). Mr. Ward testified that it was “certainly possi
 
 *1107
 
 ble” that others were stealing from Columbia Grain during the period charged in the information. Here, much as in
 
 Strickland,
 
 the state did not prove that Mr. Ritch’s conduct, directly or indirectly, caused the entire “excess shrinkage.”
 

 The doctrine of collateral estop-pel
 
 [5]
 
 does not relieve the state of its burden to prove the amount of the loss caused by the crime. The offensive use of collateral estoppel is apparently unavailable in Florida altogether, even though the use defensively was permitted in a civil case on the basis of a judgment in an earlier, collateral criminal proceeding.
 
 See Zeidwig v. Ward,
 
 548 So.2d 209, 214 (Fla.1989). But the exception identified in
 
 Zeidwig
 
 is not pertinent here.
 
 See Stogniew v. McQueen,
 
 656 So.2d 917, 919 (Fla.1995)
 
 (“Zeidwig
 
 constituted a narrow exception in which collateral estoppel was permitted in a defensive context and then only under the compelling facts of that case.”).
 

 In order for collateral estoppel to apply, moreover, Florida requires “mutuality” and “identity of parties.”
 
 See E.C. v. Katz,
 
 731 So.2d 1268, 1269-70 (Fla.1999). “Identity of parties and mutuality do not exist unless the same parties or their privies participated in prior litigation that eventuated in a judgment by which they are mutually bound.”
 
 Massey v. David,
 
 831 So.2d 226, 232 (Fla. 1st DCA 2002).
 
 See Stogniew,
 
 656 So.2d at 919 (“[Ujnless both parties are bound by the prior judgment, neither may use it in a subsequent action.”). The state was not a party, and was not bound by the judgment entered, in the civil proceedings between Columbia Grain and Mr. Ward.
 
 See generally Kirby v. State,
 
 863 So.2d 238, 242 (Fla.2003) (“The criminal sanction of restitution and the civil remedy of damages further distinct societal goals.”).
 

 A criminal defendant is entitled to representation by counsel at all critical stages of the proceeding, including sentencing. This includes any hearing to determine the amount of restitution.
 
 See Long v. State,
 
 876 So.2d 718, 718 (Fla. 5th DCA 2004);
 
 Moment v. State,
 
 645 So.2d 502, 503 (Fla. 4th DCA 1994). We assume the same is true of any ostensibly civil proceedings the state could use to establish the amount of restitution by way of collateral estoppel, although we need not reach the issue in the present case.
 

 The state having failed to meet its burden of proving that Mr. Ritch’s criminal conduct caused the entire loss the victim claimed, we reverse and remand with directions to enter an amended order imposing restitution in the amount of $7,500.
 
 See Strickland,
 
 685 So.2d at 1366;
 
 Morel,
 
 547 So.2d at 342.
 

 Reversed and remanded with directions.
 

 LEWIS and CLARK, JJ., concur.
 

 [1]
 

 . Mr. Ritch does not argue that the amount alleged in the grand theft charge limited the restitution amount or that Columbia Grain did not suffer, directly or indirectly, some loss “related to the defendant's criminal episode" of dealing in stolen property. § 775.089(1)(a)2., Fla. Stat. (2005).
 
 See Johnston v. State,
 
 870 So.2d 877, 879 (Fla. 1st DCA 2004).
 

 [2]
 

 . There was thus evidence of dealing in no more than six stolen trailer loads with an aggregate value of no more than $9,000, and evidence of damage or loss to the victim of no more than $7,500. Columbia Grain did not suffer the loss of the load in the trailer the day Mr. Ritch was arrested.
 

 [3]
 

 . The state argued that the amount of the civil judgment was the lowest amount of restitution that would be '‘appropriate.'’ Defense counsel argued that the only evidence regarding the actual number of times Mr. Ritch improperly sold grain to Mr. Alonso was the testimony of Mr. Ritch.
 

 [4]
 

 . Section 775.089, Florida Statutes (2005), provides in part:
 

 (l)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
 

 1. Damage or loss caused directly or indirectly by the defendant's offense; and
 

 2. Damage or loss related to the defendant's criminal episode,
 

 unless it finds clear and compelling reasons not to order such restitution.
 

 [[Image here]]
 

 (7) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense is on the state attorney....
 

 [5]
 

 .
 
 Collateral estoppel bars relitigation of an issue only when (1) an identical issue was presented in the prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings are identical; and (5) the issue was actually litigated.
 
 See Felder v. State, Dep't of Mgmt. Servs., Div. of Ret.,
 
 993 So.2d 1031, 1034-35 (Fla. 1st DCA 2008).